SEXTON, Judge.
This workman’s compensation case was originally before this court in January 1981. *676 The judgment of the trial court was reversed and the cause remanded “... to allow the trial court to determine and render judgment for the amounts to which the employee is entitled under the worker’s compensation law, at the cost of the employer.” Graham v. Jones Brothers, Inc. & Comm. Union Ins. Co., 393 So.2d 861 (La.App. 2nd Cir. 1981).
On remand the parties stipulated to the amount of appropriate compensation. Ex-pért fees were assessed and the court discussed at length the question of a lien for attorney fees filed by the plaintiff’s former attorney.
Additionally, plaintiff made an oral motion for the statutory penalties and attorney fees of LSA-R.S. 23:1201.2. In so doing the plaintiff espoused two theories for such recovery. First he contended that the defendant was arbitrary and capricious from the outset in failing to pay benefits. Secondly, he contended that the defendant was arbitrary and capricious for failure to pay at least minimum benefits from the point of remand by this court. The motion was denied by the trial court and the plaintiff now appeals seeking these penalties and attorney fees on the same basis as sought by the oral motion made at the hearing on remand. We affirm the judgment of the trial court but do not consider the issue of penalties and attorney fees for the reasons set out herein.
In considering plaintiff’s oral motion the trial court erroneously opined that the record reflected that the claim for penalties and attorney fees was made at the time the suit was originally filed. It is unclear from the response of the attorney for the defendant, when discussing the oral motion, whether he took note of the failure of plaintiff to have pled this issue. We should note that neither of the attorneys who appeared in this cause from remand forward were the trial attorneys. The motion was denied on the basis that since the trial court was originally of the view that the plaintiff was not entitled to workman’s compensation, that it would be inconsistent for that court to then award attorney fees on remand. In point of fact we find no allegation or prayer for statutory penalties and attorney fees (other than the prayer “for such other sums and amounts that the court may direct, or for any other awards justified under the provisions of the Louisiana Workman’s Compensation Law.”) We also find no amendment to the petition in the record seeking penalties and attorney fees. Neither side made an issue of penalties and attorney fees in their presentation on the original appeal. The opinion on that appeal makes no mention of this issue. Both the original trial court judgment and the judgment on remand are silent on the issue of penalties and attorney fees. There is no specific testimony or evidence in the record directed to this issue.
Obviously, as the trial judge noted, the question of penalties and attorney fees subsequent to the first appellate opinion was not before the trial court on remand. It was never set forth as a cause of action or tried as such.
Likewise the first contention by plaintiff that defendant was arbitrary and capricious for failure to pay benefits from the outset was not before the trial court, although it is understandable under these circumstances that the trial court erroneously so assumed. The issue was not pled or prayed for, nor was any evidence addressed to this issue presented by either side. We emphasize that the trial court judgment on remand was silent in this regard. It is the final signed judgment that the appeal is from. LSA-C.C.P. Art. 2083, see Cardean, Inc. v. Cannon, 307 So.2d 818 (La.App. 3rd Cir. 1975). That final judgment in this case omitting any reference of this issue is correct since the issue was not before the trial court.
Therefore, the judgment appealed from is affirmed at appellant’s cost without consideration by this court of the issue of penalties and attorney fees. See Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758 (La.1978).
AFFIRMED.