451 So.2d 1304 (1984)
Kim Diane TALBERT et al.
v.
Ora Lee (Lea) SCOTT, et al.
No. 83-CA-0819.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Raymond C. Vinet, Baton Rouge, for plaintiffs-appellants.
John G. Morgan, Baton Rouge, for defendants-appellees.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
The sole issue in this case is whether the plaintiffs' filiation action under LSA-C.C. art. 209, filed within the second grace period provided in Act 720 of 1981, is timely or not.
Charles Donahue died intestate on April 19, 1982. Five months later, on September 10, 1982, Denise Talbert, then twenty-one years old, and her younger sister Kim, who turned nineteen on June 13, 1982, filed suit against Ora Lea Scott, Charles' mother and sole legitimate heir, to establish their filiation to Charles. Mrs. Scott filed an exception of prescription,[*] which the trial judge *1305 sustained, ruling that under the provisions of Act 549 of 1980, plaintiffs' suit had prescribed. From this judgment, plaintiffs appeal.
In 1980, in the wake of Succession of Brown, 388 So.2d 1151 (La.1980), the Legislature passed Act 549, amending LSA-C.C. arts. 208 and 209, to provide among other things a time limitation in which to bring filiation actionseither within six months after the death of the alleged parent or within nineteen years of the child's birth, "whichever occurs first." That act also provided a one-year grace period from July 23, 1980, the Act's effective date, for those illegitimates nineteen years or older, whose actions would otherwise be barred under the Act, to bring a filiation proceeding or "be forever barred."
Because of feared constitutional deficiencies in Act 549, the Legislature passed Act 720 in 1981, re-amending those statutes to require illegitimates to bring their filiation actions either within one year of the alleged parent's death or within nineteen years of the child's birth, "whichever first occurs." That act provided a second one-year grace period from September 11, 1981, the Act's effective date, to "any person against whom the time period provided in this Act would otherwise have accrued."
In the present case, were it not for Act 720, Denise's action would clearly have prescribed. Denise turned nineteen on June 24, 1980, one month before the effective date of Act 549. Under that Act, therefore, she had until July 24, 1981, to sue, or "be forever barred." However, this court squarely held in Succession of Hawkins, 429 So.2d 194 (La.App. 1st Cir.1983), cert. denied, 434 So.2d 1098 (La.1983), that the second grace period provided in Act 720 replaced the first one provided in 549 and gave unacknowledged illegitimates an additional year (until September 12, 1982) to file filiation actions. See also Succession of Clivens, 426 So.2d 585, 598 (La.1983) (on rehearing); Succession of Theriot, 428 So.2d 1017 (La.App. 1st Cir.1983).
Under Succession of Hawkins, therefore, Denise's suit, filed on September 10, 1982, within the second grace period provided in Act 720, is timely. The trial court's judgment maintaining defendants' exception and dismissing Denise's action is accordingly reversed.
Kim's suit is more troublesome. Kim turned nineteen on June 13, 1982, a little less than two months after her alleged father's death on April 19, 1982. Both events, her nineteenth birthday and Donahue's death, occurred within the grace period of Act 720.
Defendant argues that regardless of the grace period in Act 720, Kim's action prescribed on her nineteenth birthday. She argues that the clause "whichever first occurs" should be interpreted to mean "whichever first accrues." Thus, if the parent dies before the child's eighteenth birthday, the child has one year from the date of the parent's death to file suit. If the parent dies after the child's eighteenth birthday, the child must nevertheless bring his action before his nineteenth birthday. That is, if the parent dies at any time during the child's nineteenth year, the child does not by virtue of that event get any additional time beyond his nineteenth birthday to bring a filiation proceeding.
While defendant's argument is logical and persuasive, we think it would be manifestly unfair under the circumstances of this case to allow Denise to pursue her action, but not Kim, when both filed their suits on the same day, well within the year of their alleged parent's death and within the grace period provided by Act 720.
The time limits provided in Civil Code Article 209 apply only to unacknowledged illegitimates, a very limited class of persons whose rights to share equally with their legitimate siblings in the succession of their parents were only recently recognized in Succession of Brown, decided on September 3, 1980, and were only more *1306 recently clarified to the reasonable satisfaction of the bench and the bar in Succession of Clivens, decided January 10, 1983. Allowing Kim to pursue her action, filed during the uneasy lurch between those two opinions within the grace period of Act 720 even though after her nineteenth birthday, will not add greatly to the confusion in land titles already engendered by the limited retroactive application of Succession of Brown.
Accordingly, Kim's suit, filed on September 10, 1982, is timely.
For the foregoing reasons, the judgment of the trial court is reversed. The case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[*] We note in passing, without specifically ruling on the point, that the time period in question is more properly preemptive than prescriptive. See LSA-C.C. art. 3458 et seq.; Spaht, Establishing the Filiation of Illegitimate Children, 42 La.Law Rev. 403, 408, n. 33 (1982).