JASPER E. JONES, Judge.
This is an action to recover damages for the alleged mismanagement of the assets of the Succession of Andrew Bennett by the administratrix and her attorney. The plaintiffs are Alice May Bennett, Calvin Bennett and Donald Ray Bennett, who claim to be the illegitimate children of Andrew Bennett. The defendants are Ella M. George Bennett (Ella), plaintiffs’ mother and administratrix of the succession, The Travelers Insurance Company (Travelers), the surety for the administratrix, and John L. Landrem, Jr.-John L. Landrem, A Professional Law Corporation, the attorney retained by Ella to handle the succession. Two plaintiffs, Alice and Calvin, appeal a summary judgment rejecting their demands against Travelers.
The issue on appeal is whether the trial court erred in granting the summary judgment based upon a finding that Alice and Calvin failed to institute a timely proceeding to establish filiation with the decedent and were, for this reason, precluded from asserting a claim against the surety of the administratrix of their father’s succession.

The Facts

Andrew Bennett and Ella lived together for several years, but were never married. The three plaintiffs were bom of this relationship. Alice was born October 19, 1960, Calvin was bom January 17,1962 and Donald was bom June 19, 1964. Andrew Bennett died on June 23, 1982 in Caddo Parish, leaving $38,218.35 in cash which was deposited into the registry of the First Judicial District Court. Ella employed Landrem to determine whether she and the plaintiffs were entitled to the assets of Andrew Bennett’s succession. Landrem judicially opened the succession, caused Ella to be appointed administratrix and secured for her from Travelers an administratirx bond. Upon Ella qualifying as administratrix and posting her bond, the clerk of court issued her a check for the succession funds on deposit in the registry of the court and *1281 delivered the check to Attorney Landrem. Ella’s deposition attached to the motion for summary judgment reflected Landrem tricked her into endorsing the check and Landrem abscounded with the funds.
The petition of the three illegitimate children of the decedent alleged mismanagement of the succession by the administra-trix (Ella) and the attorney (Landrem) and sought to hold Travelers liable on the bond it issued on behalf of the administratrix. Travelers filed a motion for summary judgment contending plaintiffs had no right or standing, as unacknowledged illegitimate children of Andrew Bennett, to sue for funds taken from the estate.
The trial court found, on the basis of Ella’s deposition and certified copies of the plaintiffs’ birth certificates, that plaintiffs were unacknowledged illegitimates and, unless they had instituted a timely action to establish filiation, they had no standing to assert a claim to the assets in Andrew Bennett’s succession. The trial court concluded the petition for appointment of administrator and affidavit filed by Ella on behalf of plaintiffs, which was filed on November 12, 1982, wherein the plaintiffs claimed to be the decedent’s children, constituted an action to establish filiation. The trial judge noted that on the date of decedent’s death Alice was 21 years old, Calvin was 20 years old and Donald was 18 years old. The trial judge further noted an action to establish filiation must be brought within one year of the alleged parent’s death or within 19 years of the child’s birth, whichever first occurs. The trial judge found that at the time of decedent’s death, Alice and Calvin were over 19 years old and their action to establish filiation was, therefore, untimely. The trial judge further found Donald was 18 years old when the decedent died and his action to establish filiation was timely as it was instituted within one year of decedent’s death. The trial judge, therefore, granted the summary judgment rejecting the claims of Alice and Calvin and denied the summary judgment as to Donald’s claim. Alice and Calvin appealed.
Alice and Calvin contend that although they were over nineteen years of age when their father died, it would be “manifestly unfair” to allow Donald to establish filiation, but deny them the same opportunity. They argue each child had the same relationship with their father and, because Donald’s action was considered timely, their actions should also be considered timely. They rely upon Talbert v. Scott, 451 So.2d 1304 (La.App. 1st Cir.1984) to support their position.
Travelers argues Talbert v. Scott, supra, involved the interpretation of Act 720 of 1981, which reenacted LSA-C.C. art. 209 and provided a one year period of grace, from September 11,1981, the effective date of the act, within which to institute a filiation action by those persons whose claims would have otherwise been perempted on the effective date of the act. Travelers points out in Talbert, one of the plaintiffs was twenty-one years old on the effective date of Act 720 and her action would have perempted, but for the one year grace period. The other plaintiff in Talbert was only eighteen years old on the effective date of Act 720 and the one year grace period was inapplicable to her because she was not a “person against whom the time period provided by Act 720 would otherwise have accrued except for the grace period.”[1] Travelers contends the court in Talbert avoided the anomaly of permitting the older plaintiff to file an action within the grace period while disallowing the younger plaintiff the same opportunity because she was not afforded the grace period. Travelers argues the plaintiffs filed the present action after the grace period provided by Act 720 had expired and because Alice and Calvin were nineteen years old when their father died, the trial court was correct in concluding their actions to establish filiation were untimely.

*1282
Applicable Law

LSA-C.C.P. art. 966 authorizes the motion for summary judgment.[2] Summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Thornhill v. Black, Sivalls and Bryson, Inc., 394 So.2d 1189 (La. 1981); Saunders v. Howell Petroleum Corp., 499 So.2d 471 (La.App.2d Cir.1986). The documents supporting the motion for summary judgment must be viewed in the light most favorable to the party opposing the motion. Hastings v. International Service Ins. Co., et al, 490 So.2d 656 (La. App. 2d Cir.1986), writ den., 493 So.2d 1223 (La.1986). In short, summary judgment is no substitute for a trial on the merits. Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (La.App. 2d Cir.1984); Hebert v. Vice, 413 So.2d 342 (La.App. 3d Cir.1982).
LSA-C.C. art. 209 provides in pertinent part:
A. “A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
[[Image here]]
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315.”
In the instant case, the pleadings and the birth certificates of the plaintiffs which were attached to Travelers’ application for a rehearing on its motion for summary judgment establish that Alice and Calvin were over nineteen years old when their father died on June 23, 1982. The petition for appointment of an administrator, which the trial judge found was sufficient to constitute an action to establish filiation, was filed by the plaintiffs on November 12, 1982, four and one half months after Andrew Bennett died.
A suit to establish filiation, even if brought within one year of the parent’s death, will not be timely if the claimant has already celebrated his nineteenth birthday. LSA-C.C. art. 209; Lee v. Succession of Chapman, 463 So.2d 896 (La.App. 2d Cir. 1985); In the Matter of Thomas, 450 So.2d 1048 (La.App. 1st Cir.1984), writ den., 457 So.2d 1192 (La.1984).
The trial court was, therefore, correct in granting the motion for summary judgment as there was no genuine issue that Alice and Calvin had attained the age of nineteen when their father died. Their action, which the trial judge considered to be an action to establish filiation was filed subsequent to their nineteenth birthday and was untimely as a matter of law. LSA-C.C. art. 209; Lee v. Succession of Chapman, supra.
We agree with Travelers that Talbert v. Scott, supra, is distinguishable because in Talbert, the plaintiffs filed suit within the statutory grace period provided by Act 720 of 1981, which expired September 12, 1982. In the instant case, the petition for appointment of an administratrix was filed on No *1283 vember 12, 1982, after the statutory grace period had expired.
For the foregoing reasons, the judgment appealed is affirmed at plaintiffs’ costs.
AFFIRMED.

. The action to establish filiation was filed by the plaintiffs in Talbert after the younger plaintiff had attained the age of nineteen, but within the grace period afforded the older plaintiff.

. LSA-C.C.P. art. 966 provides in pertinent part:
[[Image here]]
B. “The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."