|, DECUIR, Judge.
On November 19, 2001, Patrick Prejean filed a claim in the succession proceedings of Patrick Winters who died on November 22, 2000. Prejean contends he is the illegitimate son of Winters and has asserted a claim for a portion of his estate. The succession representative, Larry Winters, brother of the deceased, filed an exception of prescription in response to Prejean’s claim. Relying on the provisions of La. Civ.Code art. 209, the trial court main *1288 tained the exception and dismissed Preje-an’s claim. We affirm.
Patrick Prejean was born on August 15, 1966 to Mary Jane Provost. His father’s name was not listed on his birth certificate, but Prejean asserts that he was informally acknowledged by various acts of Winters throughout his lifetime. In particular, he was the named beneficiary of a life insurance policy Winters purchased in 1994. Prejean argues that the family of Winters was fully aware of his relationship to the deceased and, in fact, they attested to that relationship in affidavits used for Prejean’s collection of the life insurance proceeds after Winters’ death.
In his brief to this court, counsel for Prejean attached several documents showing various acts of acknowledgment, none of which were offered as evidence at trial. The documentation, however, is inconsequential to our decision, as we find no error in the trial court’s conclusion that Prejean’s claim has prescribed. Although Prejean characterized his claim as one in tort, the trial court viewed it as simply a suit to establish filiation. His claim was essentially to establish himself as an heir, a claim which may have merit but has not been filed timely.
La.Civ.Code art. 209 provides:
A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
|pB. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
D. The right to bring this proceeding is heritable.
Given this statutory language, we conclude the claim asserted by Prejean has prescribed. Although Prejean’s claim was filed within one year of Winters’ death, the claim was filed long after Prejean reached his nineteenth birthday; therefore, based on the language in Paragraph C, the asserted claim has prescribed. A similar result was reached in Bennett v. Bennett, 511 So.2d 1280 (La.App. 2 Cir.1987), a case in which three illegitimate children asserted a claim for mismanagement of the succession by the administratrix and the attorney. The court construed the claim as an action to establish filiation and found, as to two of the children who were over the age of nineteen, that the claim had prescribed.
Similarly, as in the Bennett case, we make no determination as to Prejean’s claim for tort damages against the succession for the alleged fraud perpetrated by the succession representative. This claim is essentially one of filiation. The trial court was not presented with the question of whether the Article 2315 exception to the prescriptive period specified in Article *1289 209 includes a claim for tort damages owed by the succession. Accordingly, the question of the succession’s liability for alleged fraud is not properly before us.
|«Finally, in his brief to this court, Preje-an argues that he should be recognized as a creditor of the succession because he paid the funeral expenses for the deceased. Insurance proceeds later covered those expenses, and Prejean contends that the succession owes him reimbursement. This issue was not before the trial court and no evidence was adduced on these allegations; we are, therefore, not at liberty to render a determination as to Prejean’s right to reimbursement.
For the foregoing reasons, the judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.