959 So.2d 975 (2007)
Craig J. MATHERNE
v.
Remedia Matherne BROUSSARD, Remedia Trahan Matherne, and Pamela E. Matherne.
No. 2006 CA 0838.
Court of Appeal of Louisiana, First Circuit.
February 14, 2007.
*976 Ronald J. Fiorenza, John D. Ryland, Alexandria, Timothy C. Ellender, Jr., Houma, Counsel for Plaintiff-Appellant Craig J. Matherne.
John Paul Massicot, Frank A. Silvestri, M. Damien Savoie, New Orleans, Counsel for Defendants-Appellees Remedia Matherne Broussard and Remedia Trahan Matherne.
William A. Stark, Houma, Counsel for Defendant Pamela Matherne.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
*977 GUIDRY, J.
Plaintiff appeals a trial court judgment sustaining two defendants' peremptory exception raising the objection of prescription. For the following reasons, we amend the judgment and affirm as amended.

FACTUAL AND PROCEDURAL HISTORY
Plaintiff, Craig Matherne, was born on October 4, 1962, to Rose Mary Rink Matherne and her husband, Augustin Matherne. Augustin had a brother named Carrol Matherne, who died in November of 1984. Craig contends that, in September 2003, at the age of 40, he was informed for the first time that Carrol was possibly his biological father. Consequently, Craig underwent DNA testing, the result of which, he claims, confirmed that Carrol Matherne, and not Augustin Matherne, was his biological father.
On September 8, 2004, Craig filed a "Petition for Recognition of Right of Inheritance" and named as defendants, Remedia Trahan Matherne, Remedia Matherne Broussard, and Pamela Matherne, the widow and two daughters of Carrol Matherne, respectively. In his petition, he claimed that one or more of the defendants intentionally concealed from him the fact that Carrol was his biological father. Accordingly, he sought "recognition of his right of inheritance" and his entitlement to "an undivided interest of the succession property of Carrol J. Matherne." Thereafter, Craig supplemented his petition to assert a claim for damages due to the defendants' "tortuous [sic] conduct" in intentionally concealing the facts regarding his paternity.
Remedia Trahan Matherne and Remedia Matherne Broussard filed various exceptions, including the peremptory exception raising the objection of prescription. Specifically, they urged that Craig had failed to timely assert an action for filiation within the time mandated by former La. C.C. art. 209 (hereinafter "La. C.C. art. 209").[1] Craig countered that the time limitation set forth in La. C.C. art. 209 was prescriptive and, therefore, subject to the doctrine of contra non valentem. Pursuant to this doctrine, Craig claimed that prescription had been suspended because he had no knowledge of his potential cause of action until September 2003.
Following a hearing on January 5, 2005, the trial court took the matter under advisement. On November 9, 2005, the trial court issued reasons for judgment wherein it implicitly determined that the period to assert a claim for filiation under La. C.C. art. 209 was peremptive and not prescriptive and, thus, not subject to the doctrine of contra non valentem. It further concluded that Craig's claims did not fall within the "tort exception" of La. C.C. art. 209. Accordingly, the trial court signed a judgment sustaining the peremptory exception raising the objection of prescription and dismissing Craig's claims with prejudice.[2] From this judgment, Craig now appeals.

*978 LAW AND DISCUSSION
At issue herein is La. C.C. art. 209, which provided, in pertinent part, as follows:
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
Craig asserts that the trial court erred in concluding that the time limitation provided in La. C.C. art. 209 was peremptive and, hence, not susceptible to suspension under the doctrine of contra non valentem. The distinction between prescription and peremption was recently reiterated by our supreme court in State Bd. of Ethics v. Ourso, XXXX-XXXX, p. 4 (La.4/9/03), 842 So.2d 346, 349, as follows:
Peremption differs from prescription in several respects. Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation; peremption, however, extinguishes or destroys the right. Public policy requires that rights to which peremptive periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a peremptive period. It may not be interrupted or suspended; nor is there provision for its renunciation. And exceptions such as contra non valentem are not applicable. As an inchoate right, prescription, on the other hand may be renounced, interrupted, or suspended; and contra non valentem applies an exception to the statutory prescription period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues. (Internal citations omitted.)
In support of his argument that the time limitation provided for in La. C.C. art. 209 is prescriptive, Craig relies on jurisprudence referencing the article's "prescriptive period" and considering various parties' arguments that such a period had been interrupted. However, we note that the distinction between peremption and prescription was not at issue in any of those cases; thus, we do not view them as controlling authority. See Pounds v. Schori, 369 So.2d 1090, 1091 (La.App. 1 Cir.), aff'd., 377 So.2d 1195 (La.1979). Conversely, while this court has characterized the time period set forth in La. C.C. art. 209 as peremptive rather than prescriptive, we have never specifically ruled on the point. See In re Succession of Young, 98-1073, p. 4 n. 3 (La.App. 1 Cir. 5/14/99), 732 So.2d 833, 835 n. 3, writ denied, 99-1764 (La.10/1/99), 748 So.2d 446; see also Talbert v. Scott, 451 So.2d 1304 n. 1 (La. App. 1 Cir.1984). Indeed, we know of no state case definitively holding the pertinent time limitation to be prescriptive or peremptive. Accordingly, we now address this issue res nova.
Because the Louisiana Civil Code provides no guidance on how to determine *979 whether a particular time limitation is prescriptive or peremptive, our supreme court has resorted to an exploration of the legislative intent and public policy underlying a particular time limitation, for it is primarily whether the legislature intended a particular time period to be prescriptive or peremptive that is the deciding factor in such a case. Therefore, we are instructed to look to the language of the codal provision, the purpose behind the provision, and the public policy mitigating for or against suspension, interruption, or renunciation of that time limit in making our determination. See Ourso, XXXX-XXXX at pp. 4-5, 842 So.2d at 349.
We begin by examining the plain language of La. C.C. art. 209, which stated, in pertinent part, as follows:
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages. (Emphasis added.)
The article clearly stated that the time limitation "shall run against all persons." Obviously, this would include those individuals, such as Craig, who are unaware they possess a potential cause of action. Thus, a cursory reading of La. C.C. art. 209 would tend to indicate that the legislature intended the subject time limitation to be peremptive. While the article did not expressly use the terms "peremptive" or "peremption," such an omission is not dispositive. The supreme court has held that it is unnecessary for the legislature to state in a codal provision that it is peremptive in order for this court to hold that it is so. See Ourso, XXXX-XXXX at p. 5, 842 So.2d at 349.
Significantly, Article 209 required that actions "be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs." That the article itself did not allow for a delay in bringing an action by permitting an individual to file upon the latter of the two occurrences further supports a finding that the time limitation is peremptive and, thus, not subject to interruption or suspension.
Finally, the language of the provision displayed a characteristic that historically has been found relevant in determining whether a time limitation is prescriptive or peremptive, that is, the text in Article 209 both created a right of action and stipulated the time within which the right may be executed. In Hebert v. Doctors Memorial Hospital, 486 So.2d 717, 722 (La.1986), the supreme court noted that peremption statutes generally create the right of action and stipulate the delay during which the right may be exercised.
Having thus examined the language of the codal provision, we now consider the legislative purpose sought to be achieved by imposing the time limitation. The express purpose of 1981 La. Acts, No. 720 and 1984 La. Acts, No. 810, which amended and reenacted La. C.C. art. 209, was "to provide for proof of filiation by children or on their behalf; to provide a procedure and time limitations for proceedings to establish filiation; to provide for the method and standard of proof in such actions; and to provide that the failure to institute timely such a proceeding shall bar the claims of the persons covered by the *980 Act[s]." Reese v. State Dept. of Public Safety and Corrections, XXXX-XXXX, pp. 4-5 (La.2/20/04), 866 So.2d 244, 247-248.
In Gibbs v. Delatte, XXXX-XXXX, p. 12 (La.App. 1 Cir. 12/22/05), 927 So.2d 1131, 1138, writ denied, XXXX-XXXX (La.4/24/06), 926 So.2d 548, we recognized that one of the legislature's main purposes for imposing the time limitation in La. C.C. art. 209(C) was to bar future succession claims if a filiation action were not timely instituted. Clearly, the state has a well-recognized interest in providing for the just and orderly disposition of property at death and in ensuring the dependability of titles to property passing through successions. See Succession of Grice, 462 So.2d 131, 134 (La.1985). To allow for an extension of the period of time in which an action for filiation can be instituted would run counter to this strong state interest. The facts herein aptly illustrate this. Carrol Matherne died in 1984; following a succession proceeding, his legatees were placed in possession of his estate. However, twenty years after Carrol's death, Craig filed the present suit claiming an interest in succession property. The potential ramifications of allowing such claims are both obvious and significant. Hence, public policy would mitigate in favor of finding the time limitation for instituting a filiation action to be peremptive.
However, in imposing the time limitation in Article 209, the legislature did not intend to deprive an illegitimate child of the right to bring a wrongful death claim, nor could it constitutionally do so. Gibbs, XXXX-XXXX at p. 12, 927 So.2d at 1138. Accordingly, it established an exception for filiation actions instituted for the sole purpose of establishing the right to recover damages under Article 2315. The purpose of this exception was to allow the child who is over the age of nineteen at the time of the alleged parent's death to bring a filiation action, but only for the purpose of establishing the right to recover survival or wrongful death damages and not for any other purpose, such as recovering succession rights. Reese, XXXX-XXXX at p. 5, 866 So.2d at 248.
In Grice, 462 So.2d at 136, the supreme court upheld the constitutionality of the time limitations as those limitations related to successions, reasoning that they were substantially related to the state's interest in providing for the just and orderly disposition of a decedent's property where paternal inheritance is concerned. The court further noted that the sole exception to the time limitation in Article 209 illustrates that the state's interest in providing for the just and orderly disposition of property at death is greater than its interest in the distribution of an award for damages under Article 2315. Id.
Therefore, considering the explicit language of Article 209, the legislature's purpose in enacting the article, and the state's strong interest in the orderly disposition of property upon death, we hold that the time limitation in La. C.C. art. 209 was peremptive. Accordingly, we find no merit in Craig's argument that the trial court erred in failing to find that the period was prescriptive and subject to the doctrine of contra non valentem.[3]
Alternatively, Craig argues that his claim for intentional concealment is one sounding in tort; therefore, it is exempt from the peremptive period pursuant to *981 the tort exception contained in La. C.C. art. 209. We respectfully disagree. The supreme court has narrowly construed the tort exception in La. C.C. art. 209, finding that the purpose of the exception is to allow a child who is over the age of nineteen at the time of the alleged parent's death to bring a filiation action, but only for the purpose of establishing the right to recover survival or wrongful death damages and not for any other purpose, such as recovering succession rights. Reese, XXXX-XXXX at p. 5, 866 So.2d at 248. Craig does not assert a survival or wrongful death claim; rather, he advances a claim against the former executors of Carrol Matherne's succession for the alleged wrongful concealment of his paternity. Nevertheless, he argues that this fraud claim falls within the ambit of the tort exception in La. C.C. art. 209. The third circuit previously rejected a similar argument. In In re Succession of Winters, XXXX-XXXX (La.App. 3 Cir. 2/5/03), 837 So.2d 1287, a 35-year-old plaintiff filed a claim in a succession proceeding asserting that the succession representative had perpetrated fraud in failing to recognize the plaintiff as the decedent's child. In response, the succession representative filed a peremptory exception raising the objection of prescription. The trial court, construing the claim as an action to establish filiation, sustained the exception and dismissed the plaintiff's claim. The appellate court affirmed, stating: "Although [the plaintiff] characterized his claim as one in tort, the trial court viewed it as simply a suit to establish filiation. His claim was essentially to establish himself as an heir, a claim which may have merit but has not been filed timely." Id. at 1288.
We likewise conclude that Craig's action is one to establish filiation in an effort to recover lost succession rights. Notwithstanding his creative claim for mental pain and suffering, Craig essentially seeks a portion of the former succession property, or, alternatively, to receive the value of that property in "tort" damages. Indeed, in his brief to this court, he argues that "persons who inherited through the Succession are liable" to him for damages "equivalent to his loss of succession rights." Accordingly, we find that Craig's claims were not exempt from the peremptive period by virtue of the tort exception in La. C.C. art. 209.
In his third assignment of error, Craig argues that the trial court nonetheless erred in sustaining the peremptory exception raising the objection of prescription because fraud is a well-established exception to the doctrine of peremption. In support of his contention, he cites La. R.S. 9:5604-5606. However, in those statutes, the legislature expressly exempted from the pertinent peremptive periods cases of fraud as defined in La. C.C. art. 1953. Louisiana Civil Code article 209 contained no such express exception for fraud. Nor does there exist any general fraud exception to peremption. The very nature of peremption precludes such an exception. Nothing may interfere with the running of a peremptive period; it cannot be interrupted, suspended, or renounced.
On appeal, Craig makes a general allegation that to the extent the peremptive period set forth in La. C.C. art. 209 did not contain an exception for fraud, it was unconstitutional. However, it is well settled that a constitutional challenge must be specially pled in the trial court with the grounds for the claim particularized. Mallard Bay Drilling, Inc. v. Kennedy, XXXX-XXXX, p. 8 (La.6/29/05), 914 So.2d 533, 541. Because this particular argument was not properly raised in the trial court and was not considered by the trial court, we will not address it now. Moreover, we find it unnecessary to remand the matter to allow Craig to amend his petition to assert a *982 constitutional challenge since he has proffered no factual or legal allegations to support such a challenge. Accordingly, we find all of Craig's alleged assignments of error to be without merit.
Nevertheless, in examining the judgment, ex proprio motu, we note that it refers to the defendants as "Remedia M. Broussard, et als." The judgment further sustains the "defendants" peremptory exception raising the objection of prescription and renders judgment "in favor of defendants and against plaintiff, dismissing plaintiffs action with prejudice." In the instant case, suit was filed against three defendants. However, the record only contains exceptions filed on behalf of two of those defendants: Remedia Trahan Matherne and Remedia Matherne Broussard. According to La. C.C.P. art. 1918, a final judgment must contain appropriate language. Revision comment (a) for La. C.C.P. art. 1918 provides as follows:
In Louisiana the form and wording of judgments is not sacramental. Nonetheless, Louisiana courts require that a judgment be precise, definite and certain. However, it has been held that a judgment is not invalid on account of the insertions of an incorrect middle initial or the omission thereof, or on account of failure to name specifically all defendants against whom it is rendered. (Internal citations omitted.)
Thus, a final judgment has been found valid when it was rendered against "defendant, Paul E. Manning, et als" or when it decreed that "all costs of this proceeding to be paid by the defendants." J.P. Hudson & Sons v. Uncle Sam Planting & Mfg. Co., 136 La. 1071, 68 So. 129 (1915); Glen Falls Indemnity Co. v. Manning, 168 So. 787 (Orleans 1936).
Accordingly, we cannot say that the judgment herein is invalid. However, pursuant to La. C.C.P. art. 2164, we amend the judgment to sustain the peremptory exception raising the objection of prescription filed by defendants Remedia Trahan Matherne and Remedia Matherne Broussard, and we dismiss Craig's claims as to those two defendants.

CONCLUSION
For all of the foregoing reasons, the judgment of the trial court is amended to state that the peremptory exception raising the objection of prescription filed by defendants Remedia Trahan Matherne and Remedia Matherne Broussard is sustained, and Craig Matherne's claims against Remedia Trahan Matherne and Remedia Matherne Broussard are dismissed. In all other respects, the judgment is affirmed. All costs of this appeal are assessed to Craig Matherne.
AMENDED; AFFIRMED AS AMENDED.
MCCLENDON, J., agrees in part and concurs in part and assigns reasons.
McCLENDON, J., agrees in part, concurs in part.
I agree with the findings on the issue of peremption, but otherwise concur with the majority opinion.
NOTES
[1] The Louisiana legislature enacted 2005 La. Acts, No. 192, which amended and reenacted La. C.C. arts. 178 through 211. This act became effective June 29, 2005. However, it is undisputed that former La. C.C. art. 209 is controlling in this matter. Therefore, for the sake of clarity, we will refer to the pertinent Civil Code articles as they existed prior to the 2005 revision.
[2] This court has often held that, as a general rule, the peremptory exception raising the objection of no cause of action is the correct procedural device for raising the issue of peremption. However, a defendant may raise the issue of peremption via the peremptory exception raising the objection of prescription. Saia v. Asher, XXXX-XXXX, p. 4 n. 5 (La.App. 1 Cir. 7/10/02), 825 So.2d 1257, 1259 n. 5.
[3] Our conclusion is buttressed by the enactment of the new La. C.C. art. 197 by 2005 La. Acts, No. 192. The new La. C.C. art. 197, which contains the essence of former La. C.C. art. 209, expressly states that, for succession purposes, a filiation action is subject to a peremptive period of one year, commencing to run from the day of the death of the alleged father.