ANTHONY DEREK SUMNER
v.
ANTONIA MUNICI-ADAMS.
No. 2007 CA 1492.
Court of Appeals of Louisiana, First Circuit.
July 17, 2008.
STEVEN J. KOEHLER, Attorney for Plaintiff Appellant, Anthony Derek Sumner.
LOWELL DYE, Attorney for Defendant Appellee, Antonia Munici Adams.
JAMES D. "BUDDY" CALDWELL, Attorney General, DAVID A. YOUNG, Assistant Attorney General, ANTHONY D. WINTERS, Assistant Attorney General, Attorneys for State of Louisiana.
Before: PARRO, KUHN, AND DOWNING, JJ.
PARRO, J.
This appeal involves a petition to annul a judgment of possession and the plaintiffs attempt essentially to collaterally prove paternity. The trial court sustained the defendant's exception raising the objection of prescription as to the plaintiffs cause of action regarding paternity and dismissed the plaintiffs petition with prejudice. For the following reasons, we affirm.

Factual and Procedural Background
Anthony Munici (Munici) died on February 7, 2003. Antonia Munici-Adams (Adams) filed a petition for possession with respect to Munici's estate. In her petition, Adams alleged that she was Munici's sister and that Munici died intestate without any children. Subsequently, she obtained a judgment of possession, which was allegedly signed on May 29, 2003.
As the alleged biological child of Munici, Anthony Derek Sumner (Sumner)[1] initiated a separate civil proceeding in which he filed a petition on August 20, 2003, to annul the judgment of possession on the grounds of fraud and ill practices. In his petition, Sumner alleges there is a need for an administration of Munici's succession in order to determine Sumner's paternity. Adams filed an answer on September 19, 2003, in which she raised the defense that Sumner was statutorily and jurisprudentially barred from attempting to prove his paternity. In an effort to have the trial court declare that he was "not time barred from bringing this petition," Sumner filed a motion for partial summary judgment on September 18, 2006. Sumner urged that the time limitation for proving his paternity was governed by LSA-C.C. art. 197 or Ohio law, which allegedly gives a child until his twenty-fourth birthday to prove paternity.[2] Subsequently, Adams filed an exception raising the objections of prescription and no cause or right of action, alleging Sumner had not filed any legal action to establish paternity prior to his nineteenth birthday, as required by former LSA-C.C. art. 209. Sumner responded by filing a motion to have the court declare former LSA-C.C. art. 209 unconstitutional.[3]
Following a hearing on these motions, the trial court found that former LSA-C.C. art. 209, which was in effect at the time of Munici's death, governed. Because an action to prove paternity had not been filed before Sumner's nineteenth birthday, the court found Sumner's cause of action to prove paternity had prescribed. Furthermore, the trial court found that Sumner's prescribed claim could not be revived by the enactment of LSA-C.C. art. 197 by 2005 La. Acts, No. 192, § 1 (Act 192). Therefore, Adams' objection of prescription was sustained. Sumner's motion concerning the unconstitutionality of former LSA-C.C. art. 209 and his motion for partial summary judgment were denied. By an amended final judgment, Sumner's petition to annul the judgment of possession was dismissed. Sumner appealed, urging the applicability of Act 192 and questioning the constitutionality of former LSA-C.C. art. 209.

Analysis
In pertinent part, former LSA-C.C. art. 209, provided:
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
Former Louisiana Civil Code articles 178 through 211 were revised, amended, and reenacted by Act 192, to consist of Articles 184 through 198, effective June 29, 2005. With respect to a child's action to establish paternity, current LSA-C.C. art. 197 provides:
A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.
For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father.
The revised law continued to provide for a time limitation for instituting a paternity action for succession purposes. Pursuant to the revision, a child now has a longer period of time during which to file such an action. LSA-C.C. art. 197, Revision Comments-2005, comment (f).
Sumner does not dispute that he failed to file an action to prove paternity within 19 years of his birth,[4] as required by former LSA-C.C. art. 209. However, he essentially alleges that his action to annul the judgment of possession, based on his claim of being Munici's child, was filed within one year from his father's death, as required by LSA-C.C. art. 197. Therefore, before the objection of prescription can be resolved, the court must determine which of these provisions governs in this case.
Concerning the applicability of Act 192, we note that Section 3 of Act 192 provides: "The provisions of this Act shall be applicable to all claims existing or actions pending on its effective date and all claims arising or actions filed on and after its effective date." The issue of whether a claim for paternity, which would be considered prescribed under former LSA-C.C. art. 209 as of the effective date of Act 192, may be revived by application of current LSA-C.C. art. 197, has been addressed by this court in Succession of Faget, 05-1434 (La. App. 1st Cir. 6/9/06), 938 So.2d 1003, writ denied, 06-1719 (La. 11/9/06), 941 So.2d 40. After considering the language of Section 3 of Act 192, this court found that the child's action to establish paternity through DNA results clearly fell under former LSA-C.C. art. 209, and by the terms of that article, the claim had prescribed. In the absence of a clear and unequivocal expression of intent by the legislature to allow revival of prescribed causes of action, this court declined to interpret Act 192 to revive prescribed claims or to create new rights.[5] See Succession of Faget, 938 So.2d at 1006-07, citing Chance v. American Honda Motor Co., Inc., 93-2582 (La. 4/11/94), 635 So.2d 177, 178. This court's conclusion in Succession of Faget is consistent with that of Succession of McKay, 05-0603 (La. App. 3rd Cir. 2/1/06), 921 So.2d 1219, 1222, writ denied, 06-0504 (La. 6/2/06), 929 So.2d 1252, and Jeanmarie v. Butler, 05-1439 (La. App. 4th Cir. 10/11/06), 942 So.2d 578, 579.[6] Thus, by the terms of former LSA-C.C. art. 209, Sumner's claim prescribed when he turned 19 years old prior to Munici's death.
As to the constitutionality of former LSA-C.C. art. 209, we observe that one of the legislature's main purposes for imposing the time limitation in former LSA-C.C. art. 209(C) was to bar future succession claims if a paternity action was not timely instituted. See Gibbs v. Delatte, 05-0821 (La. App. 1st Cir. 12/22/05), 927 So.2d 1131, 1138, writ denied, 06-0198 (La. 4/24/06), 926 So.2d 548. Clearly, the state has a substantial, permissible interest in providing for the just and orderly disposition of property at death where intestate paternal inheritance by illegitimate children is concerned and in ensuring the stability of titles to property passing through successions. See Succession of Grice, 462 So.2d 131, 134 (La. 1985), appeal dismissed, 473 U.S. 901, 105 S.Ct. 3517, 87 L.Ed.2d 646 (1985).
In Succession of Grice, the Louisiana Supreme Court upheld the constitutionality of the time limitations for instituting a paternity action in a succession proceeding, reasoning that they were substantially related to the state's interest in providing for the just and orderly disposition of a decedent's property where paternal inheritance is an issue. In reaching this conclusion, the court in Succession of Grice considered the fact that paternity suits generally involved unique and difficult problems of proof. The court observed that scientific advances in blood testing had not yet negated the relation between the 19-year limitation and the state's need to handle the proof problems it encounters in paternity suits.[7] Succession of Grice, 462 So.2d at 136.
Based on the supreme court's observation in Succession of Grice and considering the scientific advances in blood and genetic testing, Sumner urged that the justification for finding that the time limitation in former LSA-C.C. art. 209 substantially furthered an important governmental objective no longer exists. In support of his argument, Sumner cited Pace v. State, through Louisiana State Employees Retirement System, 94-1027 (La. 1/17/95), 648 So.2d 1302. The supreme court in Pace recognized that scientific advances in blood and genetic testing have alleviated the vast majority of the problems of proof that once plagued paternity actions. The court remarked that although these improvements have not totally accommodated the state's interests in the prevention of stale or fraudulent claims, the attenuation caused by scientific progress is certainly a large factor in determining whether a period of limitation substantially furthers the state's interests in this regard. Pace, 648 So.2d at 1309.
However, with respect to the orderly disposition of property at death, our supreme court in Pace noted that the United States Supreme Court has long recognized that this is an area in which the states have an interest of considerable magnitude. The court in Pace stated that this interest stems from the public need for finality in succession proceedings and stability in land titles and has served to justify temporal restrictions on the ability of illegitimates to inherit from their natural fathers. Pace, 648 So.2d at 1308. This interest by the states relative to the orderly disposition of a decedent's property at death was noted in Pace as justification for an illegitimacy-based classification, in contrast to those proceedings in which such a justification was absent, such as cases involving social security benefits, child support, workmen's compensation benefits, and wrongful death recovery. See Pace, 648 So.2d at 1308-09. Accordingly, we find no merit in Sumner's argument that Pace supports the proposition that the scientific advances in blood and genetic testing in any way attenuate the state's interest in the orderly disposition of property at death.
The constitutionality of former LSA-C.C. art. 209 was clearly resolved by the Louisiana Supreme Court in Succession of Grice. Based on the Succession of Grice, we agree with the trial court's ruling that former LSA-C.C. art. 209 is constitutional.[8] See Matherne v. Broussard, 06-0838 (La. App. 1st Cir. 2/14/07), 959 So.2d 975, 980; In re Succession of McKay, 921 So.2d at 1221.
Having found that former LSA-C.C. art. 209 is constitutional and that by its terms, Sumner's paternity cause of action prescribed when he turned nineteen years old, we agree with the trial court's dismissal of his petition to annul the judgment of possession. However, we affirm that judgment on the grounds that, since Sumner had not proved and was time-barred from proving that he was Munici's son and heir, he had no right of action to bring any claim in Munici's succession or to nullify the judgment of possession.

Decree
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Anthony Derek Sumner.
AFFIRMED.
NOTES
[1] Sumner states he was born on May 18, 1982.
[2] Sumner later withdrew his allegation that Ohio law applied.
[3] Pursuant to LSA-C.C.P. art. 1880, the attorney general was served with the motion.
[4] Sumner reached age nineteen prior to his alleged father's death.
[5] In essence, this ruling means that "prescribed claims" do not fit into the category of "claims existing."
[6] In Matherne v. Broussard, 06-0838 (La. App. 1st Cir. 2/14/07), 959 So.2d 975, after the enactment of Act 192, this court applied former LSA-C.C. art. 209 in resolving an objection of prescription pertaining to a plaintiff's September 2004 action for filiation, when he was 40 years old, with respect to a decedent who died in November 1984. Notably, the parties in Matherne did not dispute the applicability of former LSA-C.C. art. 209. Matherne, 959 So.2d at 977 n. 1.
[7] The court's observation in Succession of Grice was based on the United States Supreme Court's discussion in Mills v. Hableutzel, 456 U.S. 91, 98 n. 4, 102 S.Ct. 1549, 1554 n. 4, 91 L.Ed.2d 770 (1982), concerning the probative value that blood test results have on the state's interest in avoiding the litigation of stale or fraudulent claims.
[8] Relying on LSA-C.C. art. 197, Revision Comments-2005, comment (e), Sumner urged that by Act 192, the legislature has recognized the lack of a permissible state interest in enforcing the time limitations for bringing a paternity action. Under former LSA-C.C. art. 209, a paternity action had to be instituted within 19 years of the child's birth or within one year from the alleged parent's death, whichever first occurred. If the action was not timely instituted, the child could not thereafter establish his filiation for any purpose, except to recover damages under LSA-C.C. art. 2315. In 2005, the legislature found this to be "a harsh result not justified by any policy consideration," resulting in the enactment of Act 192. See LSA-C.C. art. 197, Revision Comments-2005, comment (e), However, to continue to facilitate the orderly disposition of estates and the stability of land titles, the legislature felt that it was necessary to keep a time limit in place for instituting an action for paternity in connection with a succession. See Id. Therefore, we are unable to find that the legislature declared that the state no longer has a permissible interest in enforcing the time limitation for bringing a paternity action for succession purposes.