# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 18-846


JAMES BURNETT, SR.

VERSUS

VILLAGE OF ESTHERWOOD


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF ACADIA, NO. 07-03423
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

**ELIZABETH A. PICKETT
JUDGE**

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and Jonathan W. Perry, Judges.


**AFFIRMED.**


**Michael Benny Miller**
**Attorney at Law**
**P. O. Drawer 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
     **James Burnett, Sr.**


**Christopher Richard Philipp**
**Attorney at Law**
**P. O. Box 2369**
**Lafayette, LA 70502**
**(337) 235-9478**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **Village of Estherwood**

**PICKETT, Judge.**

James Burnett, Sr. appeals the judgment of the workers' compensation judge (WCJ) denying his request for treatment by his choice of pain management physician, denying penalties and attorney fees, and denying prescription medication to the claimant.

## FACTS

Mr. Burnett was injured in the course and scope of his employment with the Village of Estherwood in May 2006. Mr. Burnett and Estherwood settled his claim for indemnity benefits, and Estherwood continued paying for certain medical treatment.

On April 18, 2018, Mr. Burnett filed a Motion and Order to Compel Choice of Physician and Motion for Penalties and Attorney's Fees. Mr. Burnett alleged that his only treating physician was Dr. Daniel Hodges, a pain management specialist, but that Dr. Hodges released Mr. Burnett on April 30, 2015. Mr. Burnett then sought treatment with Dr. Michael Haydel, another pain management physician, but Estherwood would not authorize payment for the treatment. Mr. Burnett argued that because he was receiving no other medical treatment, the court should order Estherwood to pay for medical treatment by Dr. Haydel and penalties and attorney fees for failure to timely pay for the treatment. Mr. Burnett attached documents showing that Dr. Hodges requested that Mr. Burnett see a different doctor and a letter from Dr. Haydel dated July 14, 2015 advising that his appointment had been cancelled because of the failure of Estherwood to authorize treatment.

Estherwood responded to Mr. Burnett's motion by denying that Mr. Burnett was entitled to treatment with Dr. Haydel. Estherwood argued that it was not

reasonable to allow treatment with a third pain management specialist and because he had a history of misusing prescription medications.

At a hearing on May 31, 2018, Tara Shelton, the claims adjuster for Mr. Burnett's case, testified, as did Mr. Burnett. The medical records of Dr. Fraser Landreneau (who had previously treated Mr. Burnett), Dr. Jyoti Pham, and Dr. Hodges were introduced. Pharmacy records were also introduced, as well as correspondence relating to Mr. Burnett's treatment. The WCJ denied Mr. Burnett's motion to compel treatment and for penalties and attorney fees. The WCJ did note that Mr. Burnett could seek medical treatment with a physician at Estherwood's expense, but that Estherwood is not required to pay for any prescription medication. Mr. Burnett now appeals the judgment of the trial court.

## ASSIGNMENTS OF ERROR

On appeal, Mr. Burnett asserts three assignments of error:

1. The workers' compensation judge erred in terminating Mr. Burnett's prescription medication, as the issue was not before the workers' compensation judge or authorized by law.

2. It was error for the workers' compensation judge to fail to order the Village of Estherwood to provide medical treatment by Dr. Haydel.

3. The workers' compensation judge erred in failing to award penalties and attorney fees.

## DISCUSSION

Louisiana Revised Statutes 23:1121(B)(1) allows a claimant an initial choice of treating physician in a specialty. It also states, "After his initial choice the employee shall obtain prior consent from the employer or his workers' compensation carrier for a change of treating physician within that same field or specialty." *Id.* "[F]ailure to consent to the employee's request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty . . . together with reasonable attorney

2

fees for each disputed claim[.]" La.R.S. 23:1201(F). However, the employer is not liable for penalties if the claim is reasonably controverted. La.R.S. 23:1201(F)(2). An employer is also subject to a penalty if it is found that discontinuance of payment of claims is arbitrary, capricious, and without probable cause. La.R.S. 23:1201(I). This court reviews the WCJ's factual findings on appeal pursuant to the manifest error -- clearly wrong standard. *Poissenot v. St. Bernard Par. Sheriff's Office*, 09-2793 (La. 1/9/11), 56 So.3d 170.

Mr. Burnett testified that as a result of his workplace accident, he suffered nerve damage to his left foot, left knee, left shoulder, right shoulder, and his neck and back. He was confined to a wheelchair because he could not use his legs as a result of nerve damage and broken bones. Estherwood stopped paying for his prescription medications in July 2015. Mr. Burnett testified that he had last been treated by a physician about a month before the hearing and that physician prescribed Percocet and Soma. He paid for the services rendered by that physician and the prescriptions with Medicare and his supplemental insurance. He stopped seeing that doctor when the clinic at Lafayette General Hospital closed his office. He did not submit the charges to his workers' compensation carrier for reimbursement. While Mr. Burnett did consult with Dr. Haydel, he never was treated by Dr. Haydel because he could not afford the drug test Dr. Haydel required.

Ms. Shelton testified that Mr. Burnett had presented no requests to her to pay for medical treatment or prescriptions. Dr. Haydel wrote a letter on July 14, 2015, indicating that he cancelled Mr. Burnett's initial visit because Ms. Shelton failed to authorize payment by workers' compensation. Ms. Shelton did not recall the dates of that letter, but indicated she denied the request because Dr. Haydel was Mr. Burnett's third choice of pain management physician. She also testified that she

3

refused to approve treatment with Dr. Haydel because he failed drug screens with both Dr. Pham and Dr. Hodges.

Mr. Burnett, through his attorney, sent a notification that he intended to choose Dr. Haydel to be his pain management doctor by letter dated October 9, 2017. In response, Ms. Shelton sent a fax to Dr. Haydel which stated:

> It is my understanding that Mr. James Burnett is choosing to see Dr. Haydel for pain management. I was notified thru Mr. Burnett's attorney, Michael Miller, of this choice. Mr. Burnett has previously treated with Dr. Pham at Neuromedical Center in Baton Rouge and Dr. Daniel Hodges in Lafayette for pain management. Mr. Burnett last treated with Dr. Hodges in July 2015 and was discharged for failing a UDS [urine drug screen], negative for prescribed medications. Mr. Burnett was discharged from Dr. Pham due to a found substance in his urine test. It was reported by Mr. Miller via a letter to the attorney representing the Village of Estherwood and RMI, Christopher Philipps. If Dr. Haydel elects to accept Mr. Burnett as a patient, I can have the records copied and sent to him. Also, if Mr. Burnett is going to start treating with Dr. Haydel, I am requesting that a UDS be completed on each visit.

Estherwood introduced into the record the medical records of Dr. Jyoti Pham, the first pain management specialist who treated Mr. Burnett. Those records indicate Dr. Pham released Mr. Burnett from care on October 10, 2014 after routine drug screenings indicated that Mr. Burnett, on three separate occasions, either took medication not prescribed by Dr. Pham or failed to take the medication prescribed. Estherwood also introduced the records of Dr. Hodges, which indicated that Dr. Hodges discharged Mr. Burnett from his care on July 23, 2015, because a drug test revealed he was not taking the medication prescribed by Dr. Hodges. The records also reflect that Dr. Hodges released Mr. Burnett from his care on April 30, 2015, because he believed he was "a long-term drug seeker." Estherwood also introduced the records of Dr. John Williams, which indicate that in July 2017, Mr. Burnett was prescribed Percocet and Soma, despite not having an employer-provided pain management specialist. Finally, Estherwood attached

4

pharmacy records indicating Mr. Burnett filled prescriptions for Oxycodone on March 25 and April 25, 2015, but tested negative for opiates in Dr. Hodges' office on April 30, 2015.

The record presented by Estherwood supports the WCJ's finding that Mr. Burnett was found by his first two choices of pain management specialists to have misused prescription medications. Having determined that there is no manifest error in that determination, we turn to the assignments of error raised by Mr. Burnett, which concern the legal ramifications of that finding.

In his first assignment of error, Mr. Burnett argues that the WCJ erred by not requiring Estherwood to pay for any prescription medication because that relief was not sought by any party. To support that argument, Mr. Burnett cites several cases for the proposition that issues not raised in the pleadings in the trial court cannot be the subject of a judgment in the court. First, he cites *Graham v. Jones Brothers Co.*, 412 So.2d 675 (La.App. 2 Cir.1982), where the court of appeal held that a workers' compensation claimant could not be awarded penalties and attorney fees because he had not asked for that relief in his pleadings. The supreme court, though, reversed the second circuit, finding that the pleadings were sufficiently broad to encompass a demand for penalties and attorney fees. *Graham v. Jones Bros. Co.*, 415 So.2d 938 (La.1982).

In *Leland v. Lafayette Insurance Co.*, 13-476 (La.App. 3 Cir. 11/6/13), 124 So.3d 1225, *writ denied*, 13-2814 (La. 2/14/14), 132 So.3d 967, the trial court ordered the defendant to pay three outstanding checks within fifteen days or suffer an interest penalty. These three checks had never been negotiated and were introduced as evidence in the suit record. The court of appeal found that the plaintiff did not ask for that specific relief in his pleadings, so it was error for the trial court to award it. In *Succession of Winters*, 02-961 (La.App. 3 Cir. 2/5/03),

5

837 So.2d 1287, the trial court found that in a claim for filiation, a reimbursement claim not raised in the trial court could not be properly raised on appeal. In *Concordia Bank & Trust Co. v. Webber*, 548 So.2d 61 (La.App. 3 Cir. 1989), a bank sought a writ of mandamus directed to the clerk of court requiring him to modify a mortgage certificate. The mortgage certificate included an encumbrance against a party that had a name similar to, but not necessarily the same as, the parties in whose names the certificate was run. The court of appeal found the trial court erred in issuing the writ of mandamus because the clerk exercised his lawful discretion in choosing what to include on the mortgage certificate, and a writ of mandamus can only be issued to force a public officer to perform a ministerial act. The court of appeal noted that a remedy exists for failure to include an encumbrance on a mortgage certificate, but that issue was not pled in the trial court. In *Mix v. Krewe of Petronius*, 95-1793 (La.App. 4 Cir. 5/22/96), 675 So.2d 792, the trial court found that the Krewe of Petronius had agreed to indemnify and hold harmless the city of New Orleans. The court of appeal held that New Orleans failed to assert its right for indemnification in the proceeding below, and thus the trial court erred in granting that relief.

We find that Mr. Burnett's motion seeking medical treatment with Dr. Haydel is sufficiently broad to allow the WCJ the latitude to grant only partial relief. The trial court's judgment allows Mr. Burnett to be treated by a physician, including a pain management physician. The judgment does limit the treatment by not requiring Estherwood to pay for prescription medication at this time. In light of our determination that the trial court did not err in finding that Mr. Burnett has a history of misusing pain medications, we find the relief granted by the WCJ is reasonably tailored to address the concerns raised in this case.

In his second assignment of error, Mr. Burnett argues that the WCJ erred in not specifically ordering Estherwood to pay for treatment with Dr. Haydel. The operative language of the judgment signed by the WCJ states (italicized text appears in the original in the WCJ's handwriting):

1.
The Motion and Order to Compel Choice of Physician is denied, *except as specified in paragraph 3, below.*

2.
The Motion for Penalties and Attorney Fees is denied.

3.
The employee is entitled to medical treatment by a physician, including a pain management physician, but the employer is not required to pay for any prescription medication at this time.

We find the judgment does not preclude treatment by Dr. Haydel, and therefore this assignment of error lacks merit.

In his final assignment of error, Mr. Burnett claims the WCJ erred in failing to award penalties and attorney fees. Estherwood argues that it reasonably controverted Mr. Burnett's claim that medical treatment with Dr. Haydel was medically necessary, given his history of misuse of medication, particularly the fact that he filled prescriptions issued by Dr. Hodges but failed to have that medication in his system when tested.

We note that while the issue of treatment with Dr. Haydel was initially raised to the trial court in 2015, the case was continued and not pursued by Mr. Burnett while he was able to get pain medication from Dr. Williams. When Dr. Williams's office closed, Mr. Burnett, who did not seek reimbursement from Estherwood for his treatment with Dr. Williams, again sought approval for treatment with Dr. Haydel. The fax sent by Ms. Shelton indicates Estherwood approved treatment by Dr. Haydel but sought to inform Dr. Haydel about Mr. Burnett's medical history specifically as it related to misuse of prescription

7

medication while under the care of his previous pain management physicians. Ms. Shelton's fax also requests regular drug screens. There is nothing in the record to show why Mr. Burnett failed to see Dr. Haydel after the October 12, 2017 fax and before the April 18 motion by Mr. Burnett was filed.

To support his claim that penalties and attorney fees are warranted, Mr. Burnett cites *Lamartiniere v. Boise Cascade Corp.*, 13-1075 (La.App. 3 Cir. 4/9/14), 137 So.3d 119, *writ granted in part and rev'd on other grounds*, 14-1195 (La. 10/24/14), 149 So.3d 1234, and *Dubuisson v. Amclyde Engineered Products Co., Inc.*, 12-10 (La.App. 1 Cir. 12/31/12), 112 So.3d 891.

In *Dubuisson*, the claimant's treating physician dismissed him because he took a Xanax that the physician had prescribed but later discontinued, and Valium given to him by a friend. At about the same time, the physician became ill and closed his practice. The evidence showed that the claimant still needed the services of a pain management physician, and the court of appeal upheld the judgment of the WCJ ordering the employer to pay for the claimant's second choice of pain management physician. In *Lamartiniere*, the claimant tested positive for cocaine. The claimant denied use of cocaine. The claimant's choice of physician testified that he had reached maximum improvement from a pain management standpoint, but the doctor stated in his note discharging the claimant that he needed to remain under the care of a physician. This court held that the WCJ did not commit manifest error in ordering the employer to pay for a new pain management specialist, given the contradictory evidence about the claimant's medical condition.

While the WCJ allowed the change of physician in both cases, in neither of these cases did the WCJ award penalties and attorney fees because of the employers' failure to approve the change of physician. We find that the WCJ did

not err in this case in finding that Estherwood reasonably controverted the claim (La.R.S. 23:1201(F)) of Mr. Burnett and was not arbitrary and capricious in denying the claim (La.R.S. 23:1201(I)).

## CONCLUSION

The judgment of the WCJ is affirmed. Costs of this appeal are assessed to Mr. Burnett.

**AFFIRMED.**