426 So.2d 602 (1983)
Eddie HARLAUX, Roland Harlaux, Leon Harlaux, Lionel Harlaux, Cecil Harlaux, and Stella Harlaux Manchester
v.
Leroy HARLAUX.
No. 82-C-0760.
Supreme Court of Louisiana.
January 10, 1983.
Rehearing Denied February 11, 1983.
*603 Edward J. Walters, Jr., Keith B. Nordyke, Moore & Walters, Randall J. Cashio, Cashio & Cashio, Baton Rouge, for applicant.
John Wayne Jewell, Law Offices of J.P. Jewell, Jr. and John Wayne Jewell, New Roads, for respondent.
CALOGERO, Justice.
In Succession of Brown, 388 So.2d 1151 (La.1980), we affirmed a Court of Appeal, judgment holding that La.C.C. art. 919, which barred illegitimate children from inheriting from their natural fathers in the same manner as legitimates, was unconstitutional. Plaintiffs' petitory action presents the question, among others, of whether Succession of Brown should be applied retroactively and, if so, to what extent. That question has this day been answered in our opinion in Succession of Clivens, 426 So.2d 585 (La.1983), on rehearing, wherein we held that Succession of Brown would have a limited retroactive application back to January 1, 1975, the effective date of the present Louisiana Constitution.
Plaintiffs, Eddie Harlaux, Roland Harlaux, Leon Harlaux, Lionel Harlaux, Cecil Harlaux and Stella Harlaux Manchester, filed this petitory action on July 14, 1980 claiming an interest in certain property owned by the defendant Leroy Harlaux. Plaintiffs are the legitimate children of one Adese Harlaux, now deceased. They allege that Adese and the defendant Leroy were the illegitimate children of Vileor Harlaux. Vileor died intestate in 1938 possessed of certain property.[1] The property, hereinafter referred to as the False River property, is now fully titled in the name of Leroy Harlaux.[2]
Defendant responded to the suit by filing exceptions of no cause of action and prescription. Defendant claims, through the exception of no cause of action, that plaintiffs have failed to state any factual basis for their entitlement to an interest in the property. The prescription exception was based upon La.R.S. 9:5682 which provided that an heir's action against a third party to recover property prescribes in ten years.[3]
Plaintiffs filed an opposition to the exceptions arguing that their right to the property was sufficiently set forth in the petition by virtue of the allegations that they are the children of Adese Harlaux, the now deceased illegitimate child of Vileor Harlaux and thus, as a matter of law, under Succession of Brown, supra, entitled to *604 their father's share of Vileor Harlaux's property.
The trial court sustained the no cause of action exception on the finding that the plaintiffs had not proven their filiation to Vileor Harlaux and that they were prohibited from doing so under La.C.C. art. 209. The latter, the trial court determined, was because (1) plaintiffs, as simply the descendants of an illegitimate, are not authorized by La.C.C. art. 209 to bring a filiation action, and (2) independently of the foregoing, plaintiffs had not come within the grace period of the statute (La.C.C. art. 209) which otherwise prohibits their right to prove filiation. The court further held that even if plaintiffs could prove their filiation, their petition nonetheless stated no cause of action because Succession of Brown was not to be applied retroactively. The trial court also sustained defendant's prescription exception holding that plaintiffs were barred from asserting their claim under La.R.S. 9:5682, since over ten years had elapsed since the judgment of possession, during which time Leroy Harlaux and his ancestor in title have peaceably possessed the property.
The Court of Appeal affirmed the trial court judgment on all three grounds. The Court of Appeal held that Succession of Brown was not to be applied retroactively, that plaintiffs were not allowed to prove filiation under the grace period of La.C.C. art. 209, and that their action had, in any event, prescribed under La.R.S. 9:5682.
We granted plaintiffs' writ application, 414 So.2d 380 (La.1982), and a writ application in the case of Succession of Clivens, 426 So.2d 585 (La.1982), to address the question of the retroactivity of Succession of Brown, an issue which has been troubling both the bench and the bar especially in the area of land titles. For the reasons expressed fully in Clivens, and briefly below, we hold that Succession of Brown will be applied retroactively only back to January 1, 1975, the effective date of the 1974 Louisiana Constitution, and no further.
In Succession of Brown, this Court affirmed the Court of Appeal judgment holding that La.C.C. art. 919 was unconstitutional in that it unreasonably discriminated against illegitimate children by denying them the same inheritance rights in the successions of their fathers, under any circumstances, as are enjoyed by their legitimate counterparts. In doing so, we relied upon the United States Supreme Court case of Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), and Article I, Section 3 of the Louisiana Constitution of 1974.
As discussed more fully in our opinion in Succession of Clivens, generally, unless a decision specifies otherwise, or its retroactive application would produce substantial inequitable results, it is to be given prospective and retroactive effect. Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969); Lovell v. Lovell, 378 So.2d 418 (La.1979). We are guided in our determination of whether a decision should not be applied retroactively by certain factors previously noted in our decision in Lovell v. Lovell, supra, which relied on the United States Supreme Court decision in Chevron Oil Company v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In Lovell we stated:
(1) the decision to be applied non-retroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect and whether retrospective application will further or retard its operation; and (3) the inequity imposed by retroactive application must be weighed.
As we held in Succession of Clivens, in considering these three factors in light of the Louisiana constitutional provision upon which we relied in Succession of Brown to find that La.C.C. art. 919 was unconstitutional, we conclude that the balance between *605 them is best struck by applying Succession of Brown retroactively to the effective date of the Louisiana Constitution, January 1, 1975. This is so because the decision in Brown was first foreshadowed by Article I, Section 3 of the 1974 Constitution, the purpose of the decision in Brown, to vindicate the constitutional rights of illegitimates, would be seriously retarded by solely a prospective application of the decision, and any inequities which may result are minimized by a limited retroactive application and prompt recent actions by the legislature. See Succession of Clivens, On Rehearing, 426 So.2d 585 (La.1983), for a more in depth discussion.
We find no reason to come to a different conclusion as pertains to unacknowledged illegitimates, as are involved in this case, in that the blanket exclusion of unacknowledged illegitimates from any inheritance rights in their fathers' intestate successions, notwithstanding that a child might be able to comply with reasonable rules on proof of paternity or filiation, presents the identical considerations involved in the exclusion of acknowledged illegitimates from inheritance rights in their fathers' successions. It is an unreasonable discrimination that bears no rational relationship to a legitimate state interest. Succession of Brown, supra.
Anticipating our affirmance of the Court of Appeal holding in Succession of Brown, that La.C.C. art. 919 was unconstitutional, the Legislature passed Act No. 549 of 1980, amending La.C.C. arts. 208 and 209 on proof of filiation of unacknowledged illegitimates. These articles were again amended in 1981 by Act No. 720 and essentially allow an unacknowledged illegitimate child to prove his filiation provided the suit is "brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs." Both amendments provided grace periods to allow those who would otherwise be barred by the enactment time to bring their action. While there is an issue presented in the instant case as to whether the plaintiffs herein come within the grace period, that issue is made moot by our holding that Succession of Brown is only to be retroactively applied to January 1, 1975.
Vileor Harlaux died in 1938. Therefore, irrespective of whether plaintiffs are entitled to prove their deceased father Adese's filiation to Vileor Harlaux and can actually do so, their petition in this petitory action states no cause of action.
Likewise, the issue concerning whether or not plaintiffs' claim is prescribed under La. R.S. 9:5682 is made moot by our holding on the retroactivity issue.
Therefore, since plaintiffs' alleged grandfather died in 1938, and since we have concluded that our decision in Brown, that La.C.C. art. 919 is unconstitutional, will only be retroactively applied to January 1, 1975, we hold, for the reasons stated above, that the lower courts were correct in their judgments that plaintiffs' petition states no cause of action.

Decree
For the foregoing reasons, the Court of Appeal judgment and the district court judgment, sustaining defendant's no cause of action exception, are affirmed.
AFFIRMED.
DIXON, C.J., dissents.
MARCUS, J., concurs and assigns reasons.
LEMMON, J., dissents.
MARCUS, Justice (concurring).
I consider that Succession of Brown should only be applied prospectively from September 3, 1980, the date the decision was rendered. Hence, plaintiff's claim in the instant case would be barred. Accordingly, I concur in the result reached in this case.
NOTES
[1] The land in question is legally described as follows:

A certain tract of land with all the buildings and improvements thereon, situated on the Island of False River in the Parish of Pointe Coupee, State of Louisiana, fronting four and one half (4 & ½) arpents on said False River by a depth of forty (40) arpents, the side lines closing towards the rear according to titles, which tract of land contains One Hundred Thirty & 00/100 (130.00) acres, more or less, and is bounded on one side by property belonging to Albert Bergeron and on the other side by property belonging to Mrs. Eustis Lebeau.
[2] When Vileor Harlaux died in 1938, he left neither ascendants nor legitimate descendants. Thus his estate, including the False River property, was inherited by his sister Marie Louise Harlaux. Marie donated a part of the False River property to Leroy Harlaux on May 24, 1951, and she bequeathed the balance to him by will. The succession judgment of possession was dated September 7, 1951.
[3] La.R.S. 9:5682 essentially provided that an unrecognized heir's claim against a third party who has acquired an interest in an immovable formerly owned by the deceased prescribed in ten years. That provision was repealed by Act No. 721 of 1981 and replaced by La.R.S. 9:5630 which provides for a two year prescriptive period.