450 So.2d 1048 (1984)
In the Matter of the Filiation of Robert THOMAS, Jr.
No. 83 CA 0761.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Otha C. Nelson, Sr., Baton Rouge, for plaintiff-appellant Robert Thomas, Jr.
Craig Kaster, Baton Rouge, for defendant-appellee Lucille Kemp.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
This is an appeal from judgment maintaining defendant's exception of prescription under LSA-C.C. art. 209 in a filiation proceeding. We affirm.
Petitioner, Robert Thomas, Jr., a/k/a Freddie Shropshire, filed suit to establish filiation. He sought to be recognized as the child "in fact of Robert Thomas, Sr., now deceased, and Lizzie Shropshire." The Succession of Laura Turner, through Craig L. Kaster, attorney of record, and Lucille Kemp were served in the proceedings. Petitioner wanted to establish his filiation to the late Robert Thomas, Sr. in order that he might be declared an heir of the succession of Laura Turner, the mother of Robert Thomas, Sr. Lucille Kemp, defendant, filed a peremptory exception of prescription and an exception of no cause of action.
The petitioner alleged that he was born on February 28, 1946. Laura Turner died on July 1, 1982, and her succession was opened, with Lucille Kemp, as the alleged sole heir, put in possession. Mrs. Kemp is the sister of Robert Thomas, Sr., who died in 1978. This filiation proceeding was filed on March 22, 1983.
The petitioner instituted a filiation proceeding under LSA-C.C. art. 209(B), which reads:
A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
A proceeding under Article 209(B) is subject to the time limitations of subsection (C) of Article 209, which provides:
The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding *1049 is not timely instituted, the child may not thereafter establish his filiation.
LSA-C.C. art. 209(C) establishes two standards for the time limitation. The proceeding "must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs." This provision further states: "If the proceeding is not timely instituted, the child may not thereafter establish his filiation."
In the case at bar, nineteen years from the child's birth occurred first. To be timely, suit for filiation had to be brought within the nineteen years. It was not; it was not brought until nearly eighteen additional years had elapsed. The trial court properly ruled that the action had prescribed under the provisions of LSA-C.C. art. 209(C).
The petitioner's right to bring a filiation proceeding also prescribed under the "grace period" provided by the legislature for persons in the petitioner's situation.
Time limitations on the right to bring such a suit were enacted as a result of the Louisiana Supreme Court's decision in Succession of Brown, 388 So.2d 1151 (La. 1980), which held that acknowledged illegitimates are entitled to certain inheritance rights. Persons able to prove their filiation are also entitled to inheritance rights. Time limitations on the right to make such proof were necessary to provide stability in titles transferred in succession proceedings. The legislature provided these time limitations in LSA-C.C. art. 209, amended by Act No. 549 of 1980 and Act No. 720 of 1981. "Both amendments provided grace periods to allow those who would otherwise be barred by the enactment time to bring their action." Harlaux v. Harlaux, 426 So.2d 602, 605 (La.1983). Section 2 of Acts 1981, No. 720 provided a one year grace period to bring a filiation suit to those whose actions would have otherwise been prescribed by, the time limitations of Article 209(C). The petitioner in this case, whose action was prescribed by the enactment of the 1981 amendment to art. 209 thus had the additional one year grace period, until September 12, 1982, to bring suit. Petitioner did not file suit within this time, and as provided in Section 2 of Acts 1981, No. 720: filiation may not thereafter be established. By his delay in filing his proceeding, petitioner is barred from bringing or has lost his right to bring this proceeding.
The appellant further addresses the issue of prescription, arguing that the out-of-state domicile of the alleged father would have interrupted prescription. No authority is cited for this proposition. We hold that an out-of-state domicile of the alleged father does not interrupt prescription (or peremption) under Article 209.
The appellant also contends that prescription was interrupted by the informal acknowledgment of the petitioner by the alleged father. The record does not establish that the appellant was ever "informally acknowledged" by the alleged father. But, even if he had been informally acknowledged, such acknowledgement does not interrupt the prescriptive period provided in LSA-C.C. art. 209. Informal acknowledgment is but one of the methods of proving filiation; it is not a means of interrupting prescription.
For the foregoing reasons, the judgment of the lower court maintaining the exception of prescription is affirmed at appellant's costs.
AFFIRMED.