|,de la HOUSSAYE,, J.
This case presents a challenge to the constitutionality of the one year grace period provided by La. Acts 1981, No. 720, Section 2, which allowed those illegitimate children, who would otherwise be barred from establishing filiation by the enactment of LSA-C.C. art. 209, to bring a filiation action within one year after the September 11, 1981, effective date of La. Acts 1981, No. 720.
FACTS AND PROCEDURAL HISTORY
This matter is a filiation proceeding filed as a nullity action challenging a closed succession. The appellants, Richard and Danny Whitaker, allege they are the unacknowledged illegitimate children of Whitty Young, Jr., who died testate on December 30, 1988, leaving his estate to his wife. In the original succession proceedings, the decedent’s will was probated on January 15, 1989. According to the record, Richard Whitaker and Danny Whitaker were personally served with citation to appear in the succession proceedings to assert whatever claims they may have had before the judgment of possession was rendered. The appellants, however, contend they were never cited to appear and challenge the sheriffs returns filed in the proceedings. Nevertheless, a default judgment was taken against appellants in favor of the succession, and the judgment of possession, rendered on July 12, 1989, decreed, inter alia, that the appellants were not the children of the decedent because they had not established filiation within the nineteen year time limitation pursuant to LSA-C.C. art. 209.
Thereafter, on April 4, 1997, Richard Whitaker and Danny Whitaker filed a petition to annul the July 12, 1989, judgment of possession based on fraud or ill practices. Later, in an amended petition, the Whitakers alleged that the time limitation established for bringing a filiation action was “of such short duration that it violated the equal protection clause of the 14th Amendment to the United States Constitution and article I, section 3 of the Louisiana Constitution of 1974 as 1 ¡¡amended” and that petitioners were thereby deprived of any meaningful opportunity to prove their legitimate filiation to Whitty Young, Jr. In response, the defendant, the Succession of Whitty Young, Jr., filed an exception of prescription based upon LSA-C.C. art. 209.
After a hearing on the exception, the trial court rendered judgment sustaining the exception of prescription and dismissing the motions filed on behalf of Richard Whitaker and Danny Whitaker. The trial court found no constitutional infirmity with LSA-C.C. art. 209 and further determined that the factual issue of whether Richard and Danny Whitaker were actually served in the original succession proceeding was irrelevant to the determination of the prescription issue. Richard and Danny Whitaker appeal and assign as error the trial court’s determination that the time limits for the institution of a filiation action of one year form the effective dates of La. Acts 1980, No. 549 and La. Acts 1981, No. 720 are constitutional and that its determination that petitioners’ actions to filiate are barred.[2]
*835 DISCUSSION
In 1980 and 1981, the legislature amended and reenacted LSA-C.C. art. 209. Richard Whitaker was born on October 2, 1957, and Danny Whitaker was born on February 5, 1955; thus, at the time of the 1980 amendment to LSA-C.C. art. 209, Richard Whitaker was 22 years of age, and Danny Whitaker was 25 years of age.
Article 209 was amended and reenacted by La. Acts 1980, No. 549, effective ^September 12, 1980, to provide a procedure and time limitations for proceedings to establish filiation and to provide that failure to institute timely such a proceeding would bar the claims of such persons in the successions of their alleged parents. Article 209 was further amended by La. Acts 1981, No. 720, effective September 11, 1981, and now allows an unacknowledged illegitimate child to prove his filiation provided the suit is “brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs.”
Both amendments provided grace periods to allow those, who would otherwise be barred by the enactment, time to bring their action. La. Acts 1981, No. 720, § 2 (effective September 11, 1981) provided that any person against whom the time period provided in the Act would otherwise have accrued would have one year from its effective date to bring a filiation proceeding. Children who were over 19 years of age and who did not file suit within the one-year grace period of the prior 1980 statute were not precluded from attempting to prove filiation within this new one-year grace period. Succession of Theriot, 428 So.2d 1017, 1020 (La.App. 1st Cir.1983). Thus, appellants had two separate one-year grace periods within which to bring a filiation action. Succession of Grice, 462 So.2d 131, 133, n. 3 (La.1985); In the Matter of Thomas, 450 So.2d 1048, 1049 (La.App. 1st Cir.), writ denied, 457 So.2d 1192 (La.1984).
Because both Danny and Richard Whitaker were over nineteen years of age upon the enactment of Act 549 and Act 720, in order to bring a filiation suit, they were required to file a petition for filiation by September 12, 1982.[3] In the Matter of Thomas, 450 So.2d at 1049. Thus, regardless of whether or not the petitioners were served in the original succession proceeding, it is clear that the trial court correctly sustained the exception of prescription filed by the Succession. Succession of Burton, 94-2609, pp. 5-6 (La.App. 1st Cir.10/6/95), 662 So.2d 174, 176, writ denied, 95-2657 (La.1/5/96), 666 So.2d 289.
CONSTITUTIONALITY OF ACTS 1981, NO. 720, SECTION 2
A) The Due Process Claim
Nevertheless, the appellants contend that the one year grace period provided by Act 720 is “punitive in nature and of such short duration that [petitioners] and many others have been deprived of any meaningful opportunity to prove filiation.” Thus, the appellants first present a due process challenge to the one year limitation provided by § 2 of Act 720. U.S. Const. Amend. XIV, § 1.
The time limits allowed by newly created statutes of limitations are most often challenged constitutionally on grounds that the limitation deprives vested rights without due process of law or impairs the obligations of contracts. Holmes v. Baton Rouge Water Works Company, 558 So.2d 629, 632-633 (La.App. 1st Cir.1990); Maltby v. Gauthier, 506 So.2d 1190, 1192-1193 (La.1987); Reichenphader v. Allstate Insurance Company, 418 So.2d 648, 649 (La.1982); Lott v. Haley, 370 So.2d 521, 523-524 (La.1979); Cooper v. Lykes, 218 La. 251, 257, 49 So.2d 3, 5 (1950). The general rule is that a newly created statute of limitations or one which shortens existing periods of limitation will not violate the constitutional prohibition *836 against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. Lott, 370 So.2d at 524; Cooper, 218 La. at 257, 49 So.2d at 5. Furthermore, after the promulgation of a law, each person is charged with knowledge of it. LSA-C.C. art. 5; Reichenphader, 418 So.2d at 649.[4]
In the instant case, the Legislature provided for a one year grace period for both the 1980 and the 1981 acts during which time all illegitimate children who | fiwere over nineteen years of age were required to initiate filiation actions or forever be barred from later bringing such an action. La. Acts 1980, No. 549, § 4; La. Acts 1981, No. 720, § 2. Moreover; because these acts were promulgated, petitioners were charged with notice of their existence and with notice that after September 12, 1982, they could no longer prove filiation to their alleged father. Thus, as previously noted, Richard Whitaker and Danny Whitaker had two separate one-year grace periods within which they could have, but failed to, institute proceedings to prove paternal filiation.
The Louisiana Supreme Court has found that an approximate ten month delay period of the effective date of an act was a reasonable time for persons affected by it to assert their claims, even as applied to actions which had accrued. Reichenphader, 418 So.2d at 649. In the present case, we find the one year grace period provided by § 2 of Act 720 of 1981 to be a reasonable period of time to permit persons affected by LSA-C.C. art. 209 to assert their claims. In the Matter of Filiation of Jones, 463 So.2d 961, 963 (La.App. 3rd Cir.1985); see Succession of Humphrey, 28,298, pp. 2-3 (La.App. 2nd Cir.5/8/96), 688 So.2d 567, 569, writ denied, 96-1871 (La.10/25/96), 681 So.2d 375; see also In the Matter of Thomas, 450 So.2d at 1049. Thus, we find no merit in appellants’ first challenge to the one year grace period provided by Acts 1981, No. 720, § 2.
B) The Equal Protection Claim
Nevertheless, appellants also contend that the one year grace period of § 2 of Act 720 violates the dictates of the equal protection clause of the state and federal constitutions. U.S. Const. Amend. XIV, § 1; La. Const. Art. I, § 3. Although Richard and Danny Whitaker recognize that the Louisiana Supreme Court has upheld the constitutionality of the time limitation provided by LSA-C.C. art. 209 against an equal protection challenge in Succession of Grice, 462 So.2d 131 (La.1985), they argue that the one year grace period provided by § 2 of Act 720 has not been constitutionality tested in the courts on equal protection grounds.
In support of their equal protection argument, appellants cite two United States Supreme Court cases, Mills v. Habluetzel, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982), and Pickett v. Brown, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983). In Mills and Pickett, the Court considered a Texas statute and a Tennessee statute, respectively, which required that a paternity and support action must be filed within one year and two years, respectively, of an illegitimate child’s birth. In both cases, the Court found that the statutes of limitations denied illegitimate children the equal protection of the law because the one year and two year limitations did not provide an illegitimate child with an adequate opportunity to obtain support and because the one and two year limitations were not substantially related to the legitimate state interest in avoiding the prosecution of stale or fraudulent claims.
The Court in both cases used an equal protection analysis which focused on two related requirements. Although the procedures for illegitimate children need not be coterminous with those accorded legitimate children, (1) the period for obtaining paternal support has to be long enough to *837 provide a reasonable opportunity for those with an interest in illegitimate children to bring suit on their behalf, and (2) any time limit on that opportunity has to be substantially related to the state’s interest. Mills, 456 U.S. at 101, 102 S.Ct. at 1555; Pickett, 462 U.S. at 12-13, 103 S.Ct. at 2206-2207; Succession of Grice, 462 So.2d at 135.
We find that the Mills and Pickett cases are distinguishable from the situation presented by the grace period provided by § 2 of Act 720 and that the equal protection analysis as applied to Act 720 shows that the one year limitation is constitutionally valid. First, the time limitations in Mills and Pickett were one and two years from the child’s birth. Thus, the Court in both cases considered an | Runwed mother’s “obstacles to filing a paternity and child support suit within a year after the child’s birth ... [that] are likely to persist during the child’s second year as well.” Pickett, 462 U.S. at 12, 103 S.Ct. at 2206. The Court explained these obstacles:
Financial difficulties caused by childbirth expenses or a birth-related loss of income, continuing affection for the child’s father, a desire to avoid disapproval of family and community, or the emotional strain and confusion that often attend the birth of an illegitimate child all encumber a mother’s filing of a paternity suit within 12 months of birth.
Mills, 456 U.S. at 100, 102 S.Ct. at 1555. Thus, in the Mills and Pickett cases, it is clear that the Court was concerned with the one and two year time limitations because the child was unable to file suit on his own behalf and because the responsibility of filing a paternity suit would fall on the mother who, as the Court recognized, may face considerable obstacles.
In the case of the one year time limitation set forth by § 2 of Act 720, only adults, i.e. persons over nineteen years of age, were required to file suit within a year to prove filiation. This is the same amount of time that LSA-C.C. art. 209, as amended, allows an illegitimate child to file suit on his own behalf once he has attained the age of majority if his mother or legal guardian has not filed suit for him as a minor. Requiring an adult to initiate filiation proceedings within one year is a wholly different situation than placing the same time limitation upon an infant child and his mother. Thus, as to the first prong of the equal protection analysis, we find that the one year grace period accorded to persons affected by the enactment of LSA-C.C. art. 209 by Acts 1981, No. 720 is of sufficiently long duration to present a reasonable opportunity to institute filiation proceedings.
Second, the Court in Mills and Pickett determined that the short time limitations were not substantially related to the State’s interest in avoiding the prosecution of stale or fraudulent claims. Mills, 456 U.S. at 101, 102 S.Ct. at 1555; Pickett, 462 U.S. at 13, 103 S.Ct. at 2207. The Court in those cases found that evidence essential to a paternity claim would not be lost in one or two years and found that the passage of two years would not appreciably increase the likelihood of fraudulent claims. Mills, 456 U.S. at 101, 102 S.Ct. at 1555; Pickett, 462 U.S. at 13, 103 S.Ct. at 2207.
Again, the present case is distinguishable. In the case of Act 720, the State’s interest in limiting the time for asserting claims of persons affected by the act who were over nineteen at the time of its passage is the same interest that the State has in the passage of the nineteen year limitation found within LSA-C.C. art. 209. The Louisiana Supreme Court has already determined that the nineteen year limitation can be justified by the need for just and orderly disposition of a decedent’s property and problems of proof surrounding paternity actions and found that the nineteen year limitation is substantially related to this interest. Succession of Grice, 462 So.2d at 135. Likewise, in the case of the one year grace period of Act 720 which applies to all persons who were over nineteen years of age, the state has a legitimate interest in avoiding stale evidence and in the just and orderly disposition of intestate successions. This interest is sub *838 stantially related to limiting the time in which claims which had been in existence for over nineteen years could be asserted.[5] Thus, as to the second prong of the equal protection analysis, we find the one year limitation on filing claims which in 1981 were already twenty year old claims or older is substantially related to the state’s interest in avoiding problems of stale claims and proof.
CONCLUSION
In summary, we find no constitutional infirmity, either on due process grounds or equal protection basis, with the one year grace period provided by Acts 1981, No. 720, § 2 and find that the lower court’s maintenance of the defendant’s | mperemptory exception of prescription is correct. For the foregoing reason, the judgment of the lower court is affirmed, and the costs of this appeal are assessed to the appellants.
AFFIRMED.

. Although appellants list Acts 1980, No. 549 in their assignment of error, their argument on appeal focuses mainly upon Acts 1981, No. 720. Because the appellants do not, for the most part, address the grace period of Acts 1980, No. 549 on appeal, our opinion also focuses on Acts 1981, No. 720.
Additionally, we note that issues of the constitutionality of § 4 of Act 549 of 1980 are moot in view of the jurisprudence which has recognized that the second grace period provided for in Act 720 replaced the first one provided for in Act 549 and gave illegitimate children an additional year (until September 12, 1982) to file filiation actions. Talbert v. Scott, 451 So.2d 1304, 1305 (La.App. 1st Cir.1984); Succession of Hawkins, 429 So.2d 194, 197 (La.App. 1st Cir.), writ denied, 434 So.2d 1098 (La.1983); Succession of Clivens, 426 So.2d 585, 598, n. 8 (La.1982) (on rehearing).

. Without specifically ruling on the point, we note in passing that the time period in question is more properly preemptive than prescriptive. Talbert v. Scott, 451 So.2d at 1304, n. 1.

. We note that Reichenphader has been legislatively overruled to the extent that it suggests that ignorance of law is inexcusable even as to laws which have not yet been in force. LSA-C.C. art. 5, comment (b).

. In the case of appellants, the claims were at least 22 and 25 years old, respectively.