OPINION ISSUED ON REHEARING
Before KUHN, PETTIGREW, and KLINE, JJ.1.
12This Court, ex proprio motu, GRANTS A REHEARING AND RE-ISSUES OUR OPINION for the sole purpose of clarifying the references therein to the Louisiana Ethics Adjudicatory Board and the Louisiana Board of Ethics and to clarify the party responsible for the costs in this matter.
The opinion on rehearing reads as follows:
KLINE, J.
Gregory Davies[2] filed a writ application with this court, which we granted, challenging a decision of the Louisiana Ethics Adjudicatory Board (Adjudicatory Board) that denied Davies’ exception of prescription. Concluding that substantial rights of Mr. Davies have been prejudiced, we reverse the decision of the Adjudicatory Board, maintain the exception, and dismiss the action with prejudice.
PERTINENT FACTS AND PROCEDURAL HISTORY
On February 18, 2010, the Louisiana Board of Ethics (Ethics Board), pursuant to authority provided in The Code of Governmental Ethics, La. R.S. 42:1141(0, voted to file formal charges[3] against Mr. *926 Davies, the former Chief Deputy of Winn Parish Sheriffs Office. The Ethics Board alleged violations of The Code of Governmental Ethics (concerning his use of Sheriffs Office ^personnel and equipment for his personal purposes and to obtain things of economic value to which he was not entitled.)[4] The formal charges were filed at the conclusion of the Ethics Board’s investigation of an unsworn complaint it had received on April 2, 2008, regarding the alleged violations. On March 1, 2010, Mr. Davies was notified of the filing of the charges.[5] By telephone conference call, the parties set dates and deadlines for discovery, set a hearing for all preliminary matters and exceptions for May 28, 2010, and set the public hearing for July 23, 2010.
On May 13, 2010, counsel for Mr. Davies filed an exception of prescription, urging that the Ethics Boards’ filing of formal charges against Mr. Davies was beyond the one-year period provided by a statutory provision enacted in the interim between the Ethics Board’s vote to conduct an investigation and its actual filing of the formal charges. This one-year period arguably shortened an existing two-year period of limitation to one year. Mr. Davies asserted that pursuant to the one-year proviso in the statute, the charges against him were prescribed and he sought their dismissal.
After a hearing on May 28, 2010, during which arguments were presented, the Adjudicatory Board rendered an opinion on July 9, 2010, holding that the statute providing a one-year period for filing charges was not to be applied retroactively. Accordingly, it ruled that the charges filed against Mr. Davies were within the two-year period in. effect when the Ethics Board voted to investigate the matter and, therefore, were timely filed. The exception of prescription was denied, |4and this writ application by Mr. Davies followed.[6] This court granted writ of certiorari to consider the propriety of that decision.
Mr. Davies assigns as error that the Adjudicatory Board erred as a matter of law in failing to sustain his exception of prescription.
DISCUSSION
The primary issue before this court is whether the Adjudicatory Board erred in finding the charges against Mr. Davies are not prescribed. To resolve that issue, this court’s inquiry is twofold: (1) which, of two seemingly related existing statutes is applicable; and (2) if the later enacted statute applies, this court must then determine whether that statute [ (La. R.S. 42:1141(C)(3)(c), limiting to one-year the amount of time within which the Ethics Board can bring charges), enacted after *927 the Ethics Board began an investigation but before the formal charges were brought against Mr. Davies], is subject to retroactive or prospective application.

Standard of Review

Judicial review of the decision of the Adjudicatory Board is conducted in accordance with the Louisiana Administrative Procedure Act (APA). La. R.S. 42:1143. The APA specifies that judicial review shall be confined to the record, as developed in the administrative proceedings. La. R.S. 49:964(F). La. R.S. 49:964(G) governs the scope of the court’s review as follows:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
ls(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. • In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.

Applicable Law

First, in 1979, the legislature reenacted the Code of Governmental Ethics, in La. R.S. 42:1101, et seq., effective April 1, 1980. La. R.S. 42:1163, entitled “prescription” provided:
No action to enforce any provision of this Chapter shall be commenced after the expiration of two years following the discovery of the occurrence of the alleged violation, or four years after the occurrence of the alleged violation, whichever period is shorter.
Acts 1979, No. 433, § 1, Effective April 1, 1980. This “two-year” statute remains unchanged and in effect to date.
Subsequently, in 2008, the legislature enacted Act 23 of the First Extraordinary Session of 2008, providing a one-year period within which the Board shall issue charges, effective August 15, 2008, as follows:
If the Board does not issue charges within one year from the date upon which a sworn complaint is received, or, if no sworn complaint was received, within one year from the date the Board voted to consider the matter, the matter shall be dismissed.
The statute was originally labeled as La. R.S. 42:1141(C)(2)(b). But by Act 128 of the Regular Session of 2008, the legislature re-designated it as R.S. 42:1141(C)(3)(c), leaving the statute substantively unchanged. Notably, the | ^previously enacted two-year statute entitled “prescription,” La. R.S. 42:1163, was neither repealed nor modified during the reenactment.

*928
Chronologic Summary of Facts and Events

To simplify and clarify the analysis required to resolve the issue, a chronologic summary of the foregoing facts, which are undisputed, is helpful:
April 1,1980: Effective date of reenactment of two-year prescriptive statute (La. R.S. 42:1163); this statute remained in effect at all times concerning this matter.
April 8, 2008: The Ethics Board received an unsworn complaint regarding alleged potential violations of the Code of Ethics by Mr. Davies.
May 8, 2008: By majority vote of its membership, the Ethics Board voted to refer the matters complained for investigation.
May 19, 2008: Mr. Davies was notified, by certified mail, of the Ethics Board’s vote to conduct a confidential investigation.
August IS, 2008: Effective date of statute La. R.S. 42:1141(C)(3)(c), providing a one-year prescriptive period.
February 18, 2010: After concluding the investigation, and reviewing the confidential investigation report by the staff of the Louisiana Ethics Administration Program, the Ethics Board, by majority vote of members present, voted to file formal charges against Mr. Davies. March 1, 2010: The Ethics Board notified Mr. Davies, by certified mail, of the formal charges pending against him. March 16, 2010: Mr. Davies filed a peremptory exception of prescription, asserting the Ethics Boards’ filing of formal charges against him was prescribed, pursuant to Section 708 of the Rules governing the Ethics Board and La. R.S. 42:1141(C)(3)(c).
May 28, 2010: A public hearing on the exception was held before the Adjudicatory Board, Panel A, comprised of Judges Kopynec, Cooper, and Taylor. The panel concluded that La. R.S. 42:1141(C)(3)(c) should not be applied retroactively. The panel held that the two-year period was applicable, and found the Ethics Board’s filing of formal charges on March 1, 2010, was timely, as it had until April 8, 2010, (two years from the date of discovery on April 8, 2008, of the alleged violation) to file formal charges.

17Applicable Statute

Since both La. R.S. 42:1163, effective in 1980, and La. R.S. 42:1141(C)(3)(c), effective in 2008, both appear to relate to prescription for prosecuting violations of the Code of Governmental Ethics, and provide two different time periods, we must first determine which of the two statutes controls prescription in this matter. To reiterate, if we determine that La. R.S. 42:1141(C)(3)(c) controls, the issue then becomes whether this section applies retroactively or prospectively, since this section became effective on August 15, 2008, between the Ethics Board’s vote to investigate and the filing of formal charges.
If La. R.S. 42:1141(C)(3)(c) is applied prospectively only, then arguably the two year period for commencing an enforcement action under La. R.S. 42:1163 would apply and the charges against Mr. Davies would not be prescribed. If, however, La. R.S. 42:1141 (C)(3)(c) is applied retroactively, the filing of charges against Mr. Davies is prescribed, having occurred more than one year (approximately one year and nine months) after the Ethics Board’s vote to consider the matter.
On careful analysis, we conclude that the one year prescriptive period provided under La. R.S. 42:1141(C)(3)(c) applies to the matter before us. “Where there is a conflict between two statutory *929 provisions, the statute that is more specifically directed to the matter at issue must prevail over the statute that is more general in character.” Johnson v. Shafor, 08-2145, 08-2146, p. 9 (La.App. 1 Cir. 7/29/09), 22 So.3d 935, 940, writ denied, 09-1921 (La.11/20/09), 25 So.3d 812. We conclude, as did the Adjudicatory Board, that the more restrictive limitation specifically directed to the matter at issue is found in La. R.S. 42:1141(C)(3)(c). Further, under general rules of statutory construction, the latest expression of the legislative will is considered controlling and prior enactments in conflict are |sconsidered as tacitly repealed in the absence of an express repealing clause.[7] Pumphrey v. City of New Orleans, 05-979, p. 12 (La.4/4/06), 925 So.2d 1202, 1210. We also agree with the Adjudicatory Board that La. R.S. 42:1141(C)(3)(c) is the latest expression of legislative will and is the controlling statute here.

Retroactive Application

We next determine whether La. R.S. 42:1141(C)(3)(c), limiting to one-year the amount of time within which the Ethics Board can bring charges, is subject to retroactive or prospective application. We again emphasize that this statute was enacted after the Ethics Board began an investigation but before the formal charges were brought against Mr. Davies. We conclude that La. R.S. 42:1141 (C)(3)(c) is to be applied retroactively.
As this court instructed in In re Succession of Young, 98-1073, p. 5 (La. App. 1 Cir. 5/14/99), 732 So.2d 833, 835-36, “[t]he general rule is that a newly created statute of limitations or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights.” Further, “after the promulgation of a law, each person is charged with knowledge of it.” Id. Additionally, while La. R.S. 1:2 provides that no statute is retroactive unless it expressly so states,[8] Louisiana courts have consistently interpreted the general rule of prospective application as follows:
[t]he general rule of prospective application applies only to substantive laws as distinguished from merely procedural or remedial laws which will be given retroactive effect in the absence of language showing a contrary intention.
Lott v. Haley, 370 So.2d 521, 523 (La.1979).
bln these regards, we note that the Ethics Board voted to refer the claims against Mr. Davies for investigation in May 2008, about three months prior to the enactment of the one-year limitation of La. R.S. 42:1141(C)(3)(e). Accordingly, the Ethics Board had about nine months to issue charges and still comply with the one-year limitation.
We acknowledge the Ethics Board’s arguments that the jurisprudential rule of retroactive application of limitations stat *930 utes is inapplicable when the legislature has otherwise expressed its intent that the Act be applied prospectively only. The Ethics Board maintains the legislature did express its intent in this case by giving the statute a future effective date, citing Cole v. Celotex Corp., 599 So.2d 1058, 1064 (La.1992), and other cases. We observe, however, that in Cole, the statute construed had more than an effective future date; it had a clause that clearly and unmistakably expressed the legislature’s intent regarding prospective application, as follows:
[t]he provisions of this act shall not apply to claims arising from events that occurred prior to the time this act becomes effective!)]
Cole, 599 So.2d at 1064. Further, construing Cole, the supreme court in St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809, 817 (La.1992), instructed that the legislature’s selection of a delayed effective date evidences some, albeit inconclusive, intent of prospective application. Accordingly, we conclude that the inclusion of a future effective date in the statute at issue fails to establish proof of intent for prospective application.
Additionally, the Ethics Board urges the “well-established jurisprudential rule” that statutes relating to prescription are strictly construed against prescription and in favor of the “obligation” sought to be extinguished. Thus, when faced with two possible constructions, that which favors maintaining an action, as opposed to | mbarring one, then the one favoring survival of an action should be adopted. See Mallett v. McNeal, 05-2289, 05-2322, p. 5 (La.10/17/06), 939 So.2d 1254, 1258.
In response and in this regard, however, we observe that no “obligation” exists to be extinguished. And the Ethics Board cites no vested right, nor are we aware of any, to issue charges against Mr. Davies. To the contrary, the one-year limitation gives Mr. Davies an enforceable expectation that charges will be dismissed if the Ethics Board does not issue them within one year of the filing of a sworn complaint or from the Ethics Board’s vote to consider a matter. Without an impingement on vested rights, a prescriptive statute should be given retroactive application. See Lott, Id.

Synopsis

In synopsis, we conclude the following:
• Whether or not La. R.S. 42:1163 and La. R.S. 42:1141(C)(3)(c) conflict, the one-year limitation provided under La. R.S. 42:1141(C)(3)(c) is applicable here. The one-year limitation is the more specific provision and is the most recent pronouncement of legislative will.
• We conclude that La. R.S. 42:1141(C)(3)(c) is to be given retroactive application. Procedural laws are generally given retroactive effect, even those that shorten existing periods of limitation, provided the change gives a reasonable time to those affected to assert their rights. Here, the Ethics Board had around nine months to issue charges after the one-year limitation became effective.
• The enacting statute does not clearly and unmistakably express legislative intent that the statute be applied prospectively only. Nor does La. R.S. 42:1141(C)(3)(c) appear to deprive the sovereign of any vested rights.
For all the foregoing reasons, we conclude that the Adjudicatory Board erred as a matter of law in concluding that La. R.S. 42:1141 (C)(3)(c) was to be applied prospectively only and that the existing provision of La. R.S. 42:1163 providing a two-year time period within which to bring formal charges applies. Accordingly, we conclude that the exception of prescription should have been granted because the charges *931 were not timely filed. Thus, we must conclude that the Adjudicatory Board’s decision on the issue of prescription affects substantial rights of Mr. [^Davies to the extent that we are required under La. R.S. 49:964(G) to reverse the Adjudicatory Board’s decision.
DECREE
Pursuant to La. R.S. 49:964(G), we reverse the decision of the Louisiana Ethics Adjudicatory Board and maintain Gregory Davies’ exception of prescription. We dismiss this action against Mr. Davies with prejudice. The Louisiana Board of Ethics is cast with the costs of this grant of certiorari in the amount of $831.39.
REVERSED; EXCEPTION OF PRESCRIPTION MAINTAINED; DISMISSED WITH PREJUDICE

 Judge William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.

. While this matter is captioned with "Greg-gory” Davies as the writ applicant the record shows that his name is spelled "Gregory.”

. Louisiana Revised Statute 42:1141 governs the procedure for the enforcement of the Code of Governmental Ethics. When formal charges were filed against Mr. Davies. Subsection C, entitled "Investigation and hearing” provided, in pertinent part as follows:
(1)Upon receiving a sworn complaint or voting to consider a matter ... a private investigation shall be conducted to elicit evidence upon which the panel as provided in this Section shall determine whether to recommend to the board that a public hearing be conducted or that a violation has not occurred. The accused ... shall be given written notification of the commencement of the investigation not less than ten days prior to the date set for the commencement of the investigation....
(2) After the investigation has been completed, the board shall determine whether a public hearing should be conducted to receive evidence and to determine whether any violation of any provision of law ... has occurred....
(3)(a) If the board determines following an investigation that a public hearing should be conducted, the board shall issue charges. A public hearing shall be conducted to receive evidence relative to the facts alleged *926 in the charges and to determine whether any violation of any provision of law ... has occurred....

.Specifically, Mr. Davies was charged with violating Section 1111A of the Code of Governmental Ethics (La. R.S. 42:1101 et seq.), by receiving a thing of economic value from his governmental entity to which he is not entitled, when he used the Winn Parish Sheriff's Office personnel and equipment for his private business. Davies Rental Properties; and that he violated Section 1116 of the Code of Ethics by using the authority of his position in a manner intended to compel or coerce persons to provide another person with a thing of economic value, when he instructed a deputy under his supervision to collect rent from one of Mr. Davies’ tenants.

. The Ethics Board voted on May 8, 2008, to conduct the formal investigation, and Mr. Davies received notice of such on May 19, 2008.

. Jurisdiction to entertain review of any action taken by the Adjudicatory Board or adjudicatory panel is vested in the first circuit court of appeal as provided in La. R.S. 42:1142.

. We specifically decline to conclude here that La. R.S. 42:1163 and La. R.S. 42:1141(C)(3)(C) are in conflict, since this determination is not necessary to our analysis. And Mr. Davies makes a creditable argument that they are not. In this regard, we hold only that to the extent these statutes may be in conflict or may cause ambiguity, La. R.S. 42:1141(C)(3)(c) is controlling as the last expression of legislative will.

. See also La. C.C. art. 6, which provides, "[i]n the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.’ ”