CRAIN, J.
[«¡This is an appeal of a judgment sustaining an exception of peremption and dismissing the inheritance claims of alleged descendants claiming to be heirs of the decedent’s children who were born outside of marriage. We affirm.
FACTS
George Matthews died in 1930. More than seventy years later, alleged descendants came forward and filed pleadings into his succession proceedings seeking recognition as heirs of George Matthews. The alleged descendants generally contend that George Matthews fathered sixteen children born outside of marriage and that they descend from those children.
The administrator of George Matthews’ succession filed an exception of peremption asserting that the alleged descendants’ claims were perempted because they failed to bring a timely filiation action to establish their relationship to George Matthews. The trial court determined that the alleged descendants’ claims were subject to the peremptive period set forth in Louisiana Civil Code article 209, before it was replaced by Louisiana Civil Code article 197. Since none of the alleged descendants instituted a filiation action prior to the expiration of the grace period established for those affected by the enactment of the peremptive period, the trial court concluded that their claims had been extinguished by peremption and the alleged descendants had no legal status as hems to the succession of George Matthews. The alleged descendants now appeal the judgment sustaining the exception and dismissing their claims as heirs.[1]
DISCUSSION
14When George Matthews died in 1930, Louisiana law classified children conceived and born out of marriage as illegitimate children.[2] La. Civ.Code art. 180 (1870). Article 919 of Louisiana’s Civil Code of 1870 was in effect at that time and permitted illegitimate children to participate in the successions of their fathers only if they had been duly acknowledged by their father and he left no descendants, ascendants, collateral relations, or surviving wife. In all other cases, illegitimate children were permitted only to bring an action against their father or his heirs for alimony. La. Civ.Code art. 919 (1870). In Succession of Brown, 388 So.2d 1151 (La.1980), the Louisiana Supreme Court declared that Article 919 was unconstitutional “in that it unreasonably discriminated against illegitimate children by denying them the same inheritance rights in the successions of their fathers, under any circumstances, as [were] enjoyed by their legitimate counterparts.”[3] Harlaux v. Harlaux, 426 So.2d 602, 604 (La.1983).
*1041 In anticipation of Succession of Brown, and again the year after the decision was rendered, the Louisiana Legislature amended Louisiana Civil Code articles 208 and 209 on filiation. See Kathryn Venturatos Lorio, 10 Louisiana Civil Law Treatise, Successions and Donations § 3:5 (2013). A child who did not enjoy legitimate filiation or who had not been filiated by his parent was required to institute a civil proceeding to prove filiation within one year of the death of the alleged parent, or within nineteen years of the child’s birth, whichever occurred | ¿first. La. Civ. Code art. 209. Those time limitations are peremptive. Matherne v. Broussard, 06-0838 (La.App. 1 Cir. 2/14/07), 959 So.2d 975, 980. The enacting legislation provided a grace period in which those who would otherwise be barred could bring their filiation action. If no such proceeding was timely instituted, the legislation specified that filiation could not thereafter be established. 1980 La. Acts No. 549; 1981 La. Acts No. 720. That grace period expired on September 12, 1982.[4] See Succession of Herndon, 45,146 (La.App. 2 Cir. 4/28/10), 36 So.3d 434, 437, writ denied, 10-1208 (La.9/17/10), 45 So.3d 1051. The Louisiana Supreme Court interpreted Act 720 of 1981 as it amended Article 209 to mean that unacknowledged illegitimate children had until September 11, 1982, to file a filiation action in order to take advantage of the retroactive application of Succession of Brown. Succession of Clivens, 426 So.2d 585, 589 (1982) (on rehearing); Succession of Hawkins, 429 So.2d 194, 197 (La.App. 1 Cir.), writ denied, 434 So.2d 1098 (La.1983).
It is undisputed that the claims of George Matthews’ illegitimate children and their heirs would have been barred under Article 209 when that article was enacted; therefore, they were required to bring a filiation action within the provided grace period. Because no filiation action was timely instituted, the trial court found the alleged descendants’ claims to be barred.
On appeal, the alleged descendants argue that the peremptive periods of Article 209 and the corresponding grace period either do not apply to them or should be extended based on principles of equity. They argue that their ancestors’ rights to inherit from George Matthews as his illegitimate children were not recognized until after his death, therefore, Article 209’s peremptive periods should not apply. We find no merit to this argument. The legislature’s intent that Article |fi209 would apply to such claims is evident by the enactment of the grace period, which not only provides a time period during which one who could not previously establish filiation *1042 could do so, but also satisfied the interest of stability of land titles by avoiding subjecting other heirs to such suits indefinitely. See Succession of Herndon, 36 So.3d at 438; Katherine Shaw Spaht, Developments in the Law, 1980-81-Persons, 42 La.L.Rev. 403, 412 (1982). Article 209 and the grace period have been held to apply in factual situations similar to those in this case. See Succession of Herndon, 36 So.3d at 438; In re Succession of Young, 98-1073 (La.App. 1 Cir. 5/14/99), 732 So.2d 833, 838, writ denied, 99-1764 (La.10/1/99), 748 So.2d 446; Matter of Thomas, 450 So.2d 1048, 1049 (La.App. 1 Cir.1984), writ denied, 457 So.2d 1192 (1984); Lee v. Succession of Chapman, 463 So.2d 896 (La.App. 2 Cir.1985). Moreover, in reviewing similar arguments, this court has found no constitutional infirmity, either on due process grounds or equal protection basis, with the grace period. In re Succession of Young, 732 So.2d at 838.
After a law is promulgated, each person is charged with knowledge of it. See La. Civ.Code art. 5; In re Succession of Young, 732 So.2d at 836. No one may avail himself of ignorance of the law. La. Civ.Code art. 5. Therefore, all of George Matthews’ living illegitimate children or their descendants were charged with notice of Article 209 and the grace period and that they could not establish filiation to George Matthews after September 12, 1982. Since no filiation action was brought within the grace period, filiation to George Matthews may not thereafter be established. 1981 La. Acts No. 720; see also In re Succession of Young, 732 So.2d at 835; Matter of Thomas, 450 So.2d at 1049.
The alleged descendants argue that no immovable property of George Matthews’ estate has been partitioned or sold to third parties; therefore, the grace period should be extended based upon the facts of this particular case. However, |7the legislature did not limit the applicability of the grace period to cases in which the estate had been partitioned or sold. The rules of statutory construction require the law to be applied as written if the law is clear and unambiguous and does not lead to absurd consequences. See La. Civ.Code art. 9; accord Successions of Watkins, 431 So.2d 25, 27 (La.App. 1 Cir.1983).
The trial court correctly held that the alleged descendants’ claims are perempted and dismissed their inheritance claims. The alleged descendants have advanced several arguments both to the trial court and this court that relate to a 1972 judgment of possession rendered in the succession proceedings of George Matthews and Frances Taylor, which recognized certain other individuals as heirs. The trial court specified that its ruling was premised on its determination that the alleged descendants’ claims were perempted and not on the effect of the 1972 judgment. We find no error in that determination. The alleged descendants’ claims are perempted because filiation actions were not timely asserted. The 1972 judgment has no bearing on that conclusion.[5]
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed equally to the appellants.
AFFIRMED.
WHIPPLE, C.J., concurs for reasons assigned.

.The appellants are: 1) Descendants of alleged illegitimate children of George Matthews and Maria Owen (namely, Earl Brown and James Brown, Jr., et al.); 2) Descendants of Castina Matthews Poindexter, an alleged illegitimate child of George Matthews and Sally Ellis (namely, Kenney Maryland, Judy Maryland Gauche, Michael Maryland, Randolph Rollins, Kernall Maryland, and Donald Maryland); and 3) Descendants of alleged illegitimate children of George Matthews and Sally Ellis (namely, Melvin Poindexter, Will Coleman, Jr., and Herman Coleman).

. Louisiana law no longer classifies children as legitimate or illegitimate. See 2004 La. Acts No. 26.

. The Louisiana Supreme Court later clarified that Succession of Brown would be retroac *1041 tively applied only to January 1, 1975, the effective date of the Louisiana Constitution of 1974. Harlaux, 426 So.2d at 604; Succession of Clivens, 426 So.2d 585 (La.1982) (on rehearing). The administrator of George Matthews’ succession argued during these proceedings that the alleged descendants have no cause of action because George Matthews died prior to January 1, 1975; therefore, their inheritance claims are governed by the law in existence at the time of the decedent’s death. See Succession of Clivens, 426 So.2d at 600-601. In response, the alleged descendants argued that they do state a cause of action because George Matthews’ estate has remained under administration, citing Reed v. Campbell, 476 U.S. 852, 106 S.Ct. 2234, 90 L.Ed.2d 858 (1986). See also Sudwischer v. Estate of Hoffpauir, 589 So.2d 474, 475-76 (La.1991) (finding that an inheritance claim was timely, when made while the decedent’s estate was under administration). This issue is not raised in this appeal, and given our determination that the claims are perempted, we address it no further.

. The second grace period provided in Act 720 replaced the first one provided in Act 549 and gave unacknowledged illegitimates an additional year, or until September 12, 1982, to file filiation actions. Talbert v. Scott, 451 So.2d 1304, 1305 (La.App. 1 Cir.1984).

. The 1972 judgment of possession is the subject of other claims in the succession proceedings brought by alleged descendants of George Matthews’ siblings and alleged descendants of George Matthews and Frances Taylor. The exception of peremption does not concern these two groups.