Cox, J.
This appeal arises out of the 42nd Judicial District Court, DeSoto Parish, Louisiana.
*1124 Clarice Moore Farris, Eloyce Moore Brown, and Joyce Moore Peters (hereinafter referred to as "Petitioners") petitioned to be appointed co-administratrices of Benjamin Santifer, Sr.'s succession. Petitioners claimed to be the children of Mr. Santifer. Land Endeavors, LLC filed a peremptory exception of no right of action and prescription. The trial court granted the exception of prescription. Petitioners filed a motion for new trial, which was converted into a motion to reconsider. Petitioners' motion was denied by the trial court. Petitioners now appeal the trial court's rulings. For the following reasons, we affirm.
FACTS
Benjamin Santifer, Sr. ("Mr. Santifer") was born on April 9, 1890, and passed away on April 20, 1987. Mr. Santifer was married once, to Alice Colbert Santifer. Five sons were born of his marriage to Alice:
• Ben Santifer, Jr., who died in 1953;
• Mack Santifer, Sr., who died in 1997;
• Sam Santifer, who died in 1989;
• Jimmie Santifer, who died in 1990; and
• Cooper Santifer, who died in 1955.
Petitioners claim that they are the "natural" daughters of Mr. Santifer. According to Petitioners, their mother, who is now deceased, was Stella Moore Anderson. They have two sisters, Vernia Mae Moore and Bennie Moore Whitaker, who live in Texas. All five daughters were born in DeSoto Parish between 1951 and 1959. Under the Louisiana law in effect at that time, all five daughters were considered to be illegitimate children.
Mr. Santifer owned a 40-acre tract of land in DeSoto Parish with mineral income. Between 2008 and 2009, Land Endeavors, LLC ("Land Endeavors") filed multiple deeds in the conveyance records of DeSoto Parish purchasing the 40-acre tract from the heirs of Mr. Santifer. In 2008, an affidavit of death and heirship of Mr. Santifer was recorded in DeSoto Parish, alleging Mr. Santifer had five daughters. Jay Rossi, the manager of Land Endeavors, filed a petition for notice of application as administrator, executor, or other succession representative. Petitioners filed a petition to be appointed co-admistratrix. Land Endeavors then raised the issue of filiation and filed a peremptory exception of no right of action and prescription.
At a hearing held on November 16, 2017, the trial court granted Land Endeavors' peremptory exception. Counsel for Petitioners asked that the trial court allow them to make a proffer of evidence to show that they were the natural children of Mr. Santifer, which the court allowed. Petitioners filed a motion for new trial, which was subsequently set for March 13, 2018; the motion was later converted to a motion to reconsider. The trial court denied the motion, and the judgment was signed on March 22, 2018. The daughters now appeal.
DISCUSSION
Filiation Claim
Petitioners first argue the trial court erred in granting the peremptory exception of prescription. Petitioners argue that the time clock of one year for filing a petition for filiation under both former La. C.C. art. 209, enacted in 1981, and current La. C.C. art. 197, enacted in 2005, should not be applied to the facts of this case.
Former La. C.C. art. 209, the law in effect at the time of Mr. Santifer's death, stated in pertinent part:
A child not entitled to legitimation filiation nor filiated by the initiative of the *1125 parent by legitimation or by acknowledgement under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
The proceeding required by this Article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever occurs first. The time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish filiation[.]
Art. 209 was amended by Act 720 in 1981 to state, "any person against whom the time period provided in this Act would otherwise have accrued except for the provisions of this Section shall have one year from its effective date to bring a proceeding to establish filiation of a child[.]"
This Court, in Succession of Herndon , 45,146 (La. App. 2 Cir. 4/28/2010), 36 So.3d 434, stated:
The peremptive period in which to bring this action to prove filiation was either before the child reached the age of 19 or within 1 year of the death of the alleged parent, whichever occurred first. Taking into account the retroactive application of Succession of Brown , [388 So.2d 1151 (La. 1980) ], and the state's interest in the stability of land titles, the legislature created a grace period in which unacknowledged or informally acknowledged children born outside of marriage who had already attained the age of 19, or whose alleged parent was already deceased, could bring a civil proceeding to prove their filiation. Children who failed to bring their action during this time could not thereafter establish filiation. The grace period ended September 12, 1982.
Former Article 209 was the law in place at the time Mr. Santifer died. Petitioners were not formally acknowledged by Mr. Santifer. Petitioners argue that because they were all over the age of 19 at the time this article was enacted and Mr. Santifer was still alive, they did not have a legal right to file a petition for filiation upon his death. However, the legislature created a grace period in 1981 for those who, like Petitioners, had already attained the age of 19 to bring a filiation action. Petitioners had one year from the time the article was enacted to bring their claim.
Filiation claims may be brought while the alleged parent is still alive. Nothing in our law requires filiation claims to be held until the death of the alleged parent. Although Mr. Santifer was still alive during the grace period, Petitioners could have brought the filiation claim or requested Mr. Santifer initiate a filiation claim while he was alive.
Current La. C.C. art. 197, enacted in 2005, sets forth the following time period for filing a petition for filiation:
A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.
For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the date of death of the alleged father.
Under the current law, for the purposes of succession, filiation claims must be brought within one year of the death of the alleged father. Although not enacted at the time of Mr. Santifer's death, the current law also bars Petitioners' filiation claim. Had this article been enacted at the time of Mr. Santifer's death, Petitioners would *1126 have had to bring their claim for filiation by April 20, 1988.
An affidavit of death and heirship, alleging Mr. Santifer had five daughters, was filed in 2008, 21 years after Mr. Santifer's death. Petitioners had a reasonable period of time to bring their filiation action, but their action is now perempted. This assignment lacks merit.
Motion to Reconsider
Petitioners next argue that the trial court erred in denying their motion to reconsider. They argue they have a constitutional due process right to inherit their portion of Mr. Santifer's estate. Petitioners argue that when they all turned 19 years of age, the Louisiana Supreme Court had yet to recognize their right to inherit as illegitimate children. See Succession of Brown, supra.
The Louisiana First Circuit Court of Appeal specifically addressed the due process challenge to the one-year peremptive period of former Article 209. The First Circuit stated, "In the present case, we find the one year grace period provided by § 2 of Act 720 of 1981 to be a reasonable period of time to permit persons affected by LSA-C.C. art. 209 to assert their claims." In re Succession of Young , 98-1073 (La. App. 1 Cir. 5/14/99), 732 So.2d 833, writ denied , 99-1764 (La. 10/1/99), 748 So.2d 446. We agree.
The general rule is that a newly created statute of limitations or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right, provided it allows a reasonable time for those affected by the act to assert their rights. Cooper v. Lykes , 218 La. 251, 49 So.2d 3 (1950) ; In re Succession of Young, supra . It is recognized that the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice. Brown v. Reese , 532 So.2d 187 (La. App. 2 Cir. 1988).
After the promulgation of a law, each person is charged with knowledge of it. La. C.C. art. 5 ; In re Succession of Young, supra. In the instant case, the legislature provided the one-year grace period in which Petitioners could have brought the filiation claim.
Petitioners were charged with knowledge of the law when it was enacted and had one year to bring their claim for filiation. We will not interfere with the time limits set by the legislature. We find the one-year peremptive period was a reasonable time for Petitioners to assert their claim for filiation. This assignment lacks merit.
CONCLUSION
For the above reasons, the trial court's rulings are affirmed. Costs of this appeal are assessed to the petitioners, Clarice Moore Farris, Eloyce Moore Brown, and Joyce Moore Peters.
AFFIRMED.
APPLICATION FOR REHEARING
Before Felicia Toney Williams, Daniel Milton Moore III, Jeff Cox - Writing, James Mark Stephens, and E. Joseph Bleich, JJ.
Rehearing denied.